419 P.2d 499

**STATE of Arizona, Appellee,**

v.

**Ronald David McGILL, Appellant.**

**No. 1537.**

Supreme Court of Arizona.

In Banc.

Oct. 26, 1966.

Darrell F. Smith, Atty. Gen., Frank A. Parks, Asst. Atty. Gen., Phoenix, for appellee.

Lawrence C. Cantor, and Morton Sitver, Phoenix, for appellant.

LOCKWOOD, Justice:

Defendant was charged with the crime of robbery, a felony, with a prior conviction. At the trial, commenced on June 11, 1964, the defendant was convicted and sen-

tenced to a term of not less than ten nor more than twelve years in the State Prison.

The facts taken in the light most favorable to upholding the verdict are as follows: On November 9, 1963, at about 6:00 P. M., the defendant entered the Maricopa Drug Company, in Phoenix, put something in the back of the pharmacist-manager, and demanded narcotics, which the pharmacist then produced. On November 11, 1963 the defendant was arrested at his mother's rented house, in which he and his wife lived. The arresting officers had neither a warrant for his arrest nor a warrant to search the premises. In the house, in which the defendant was arrested, the officers seized a brown sack containing narcotics, which were later identified as the narcotics stolen from the Maricopa Drug Company. At the time of his arrest the defendant appeared to be ill. Despite his condition he was questioned and made certain oral and written statements, which the trial judge determined, at a hearing in the absence of the jury, to be voluntarily given to the officers. The defendant pleaded not guilty by reason of insanity to the charge of robbery.

■ The defendant charges that the trial court erred in preventing defendant's witness, a psychiatrist, from giving an opinion as to the ability of the defendant to distinguish right from wrong, based in part upon a case history furnished by the defendant and by his counsel. While the hypothetical questions put to the psychiatrist may have been somewhat inept, it is obvious defense counsel was prevented from eliciting an opinion because it appeared the psychiatrist did not obtain all his information from treatment, but based his conclusion in part on a furnished case history, which the court held was incompetent as based on hearsay. In State v. Griffin, 99 Ariz. 43, 49, 406 P.2d 397, 401 (1965) we discussed this question. There we said:

"The jury must be given an opportunity to evaluate the expert's conclusion by his testimony as to what matters he took into consideration to reach it. Therefore the psychiatrist should be allowed to relate what matters he necessarily considered as a 'case history' not as to indicate the ultimate truth thereof, but as one of the bases for reaching his conclusion, according to accepted medical practice. The court should therefore exercise care in the manner in which such testimony is elicited, so that the jury may understand that the case history does not constitute factual evidence, unless corroborated by other competent evidence."

The trial court's refusal here to allow the psychiatrist to give his opinion based in part on the case history he received from the defendant during an examination of the defendant by the witness was error.

■ The prosecutor in his summation to the jury referred to the defendant as "an addict" and "a dope addict". An addict is one who has surrendered himself to "something habitually or obsessively" (Webster's Seventh New Collegiate Dictionary). There was no competent evidence before the jury that the defendant in this case had habitually surrendered to drugs or that he had ever been convicted of a narcotics charge. See State v. Smith, 96 Ariz. 150, 393 P.2d 251 (1964). Without such evidence such a statement in a summation to the jury by the prosecutor was improper.

■ The witness, Dr. Harper, a resident physician at the Maricopa County Hospital, in his report of an examination of the defendant at the hospital following his arrest, stated "I suspect this pt. [sic] is a narcotics addict, but cannot prove it at this time." He testified that this was a tentative diagnosis which he did not later substantiate. Defendant urges that the exhibit containing Dr. Harper's tentative diagnosis was inadmissible. We agree. It was not a public record within the purview of the rule relating to admissibility of public records. State v. Stracuzzi, 79 Ariz. 314, 289 P.2d 187 (1955).

The only other evidence even tending to suggest addiction was the testimony of defendant's mother, Agnes McGill, who tes-

tified she "had heard" her son had used narcotics. However she also testified he had not had any narcotics "for the last two years."

Just prior to the end of the trial the defendant's counsel moved for a continuance in order to allow, Barbara Jean McGill, wife of the defendant, who was in the hospital, to testify. Defendant's counsel avowed that her testimony would not only be corroborative of the testimony of one of the defendant's other witnesses, but

> "would also go into other incidents where defendant had loss of consciousness, or clouded consciousness, and incidentally where the defendant attempted suicide, all going to the issue of the defendant's insanity at the time of the commission of the alleged robbery."

Barbara Jean McGill had become ill during the course of the trial and had to leave the courtroom and entered the hospital prior to being called. The court refused the continuance for any additional testimony bearing on the defendant's mental state stating it would be "lay testimony" and there had already been "expert testimony" that the defendant did "not have a mental disease, that would preclude him from knowing the difference between right and wrong, or an understanding of the nature and condition of his acts."

■ We have held that the granting of a continuance is a matter within the discretion of the trial court. However, this discretion is legal discretion and must not be arbitrary. State v. Lovell, 97 Ariz. 269, 399 P.2d 674 (1965). We have also held that where the defendant raises the issue of his sanity the jury should have the entire picture of the defendant which throws light on the act constituting the crime. State v. Griffin, supra. We have also held that a non-expert witness can testify as to the facts, circumstances, acts and conduct of a person whose sanity is in question. State v. Coey, 82 Ariz. 133, 309 P.2d 260 (1957). By not granting the continuance to allow the wife of the defendant to testify the trial court barred the jury from having the "entire picture of the defendant", State v. Griffin, supra, and thus did not exercise the proper legal discretion.

■ The court also erred in giving an instruction regarding flight. We have studied the record of the trial below and find that there was no substantial evidence of flight or concealment of the accused which could be considered by the jury as a fact in determining the defendant's consciousness of guilt. See State v. Owen, 94 Ariz. 404, 385 P.2d 700 (1963) reversed on other grounds, 378 U.S. 574, 84 S.Ct. 1932, 12 L.Ed.2d 1041 (1964).

■ The defendant also claims that it was prejudicial error to allow a police officer to testify that defendant told him that he had taken "pretty close to two or three thousand dollars worth of narcotics on the illegal market;" as showing "prior bad acts." If the statement was voluntarily made, the testimony was admissible since it might possibly show motive. State v. Narten, 99 Ariz. 116, 407 P.2d 81 (1965), cert. denied, 384 U.S. 1008, 86 S.Ct. 1985, 16 L.Ed.2d 1021.

■ Since the case must be reversed on the errors indicated, it is not here necessary to discuss the question of the constitutionality of the prior conviction statute. We have held that constitutional questions will not be determined in advance of necessity. Moore v. Bolin, 70 Ariz. 354, 220 P.2d 850 (1950).

The defendant complains his constitutional rights were violated in obtaining his confession, and that there was an illegal search and seizure by the arresting officers. Doubtless, the trial court will give due consideration to any possible violations of defendant's constitutional rights on remand.

Reversed and remanded.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and UDALL and McFARLAND, JJ., concur.