422 P.2d 125

**STATE of Arizona, Appellee,**

v.

**Robert O'Dell FOWLER, Appellant.**

**No. 1602.**

Supreme Court of Arizona.

In Banc.

Jan. 4, 1967.

Darrell F. Smith, Atty. Gen., Gary K. Nelson, Asst. Atty. Gen., for appellee.

H. B. Daniels, Phoenix, for appellant.

BERNSTEIN, Chief Justice.

Defendant appeals from a conviction in the Superior Court of Maricopa County of first degree murder within the meaning of A.R.S. § 13–452. He has been sentenced to life imprisonment.

For a number of years the defendant, although unmarried, had been living with one Miss Birdie McCoy Miller. On July 15, 1964 the defendant while sitting in Eastlake Park in the City of Phoenix, observed one Willie Lee Smith, with whom he had had previous "run-ins", heading toward a home where Birdie Miller was visiting. With suspicions aroused, the defendant left the park, obtained a revolver, and went to the home. Upon entering the bedroom of the residence the defendant encountered Smith engaged in an act of sexual intercourse with Birdie Miller. Testimony as to what occurred next is conflicting. It is the defendant's claim that he was attacked by Smith and that following a scuffle defendant drew his revolver and shot him. The dying man then fled from the home only to be tackled at the front of the house by a neighbor. It was at this point, at the front yard gate, that police were later to find a

knife, an item which has special significance on this appeal.

The defendant at trial contended that the killing was justified on the grounds of self-defense. He based this contention on the reputation the victim allegedly had for carrying a knife (claiming that he was generally regarded as a "knifer"), testifying at trial that it was a resultant fear of bodily injury that caused him to shoot the decedent. No evidence that decedent was carrying a knife at the time of the shooting was presented at trial, a fact which the prosecution brought to the attention of the jury. It was not until after the trial and the conviction that defendant's counsel learned that the police had discovered a knife at the home and that it had remained in their custody in the police property room.

Upon learning of the knife, the defendant filed in the trial court a motion for a new trial on the grounds that, one, new and material evidence had been discovered, and two, that the prosecuting attorney was guilty of misconduct in failure to produce the knife at trial. The trial court took the motions under advisement and subsequently denied a new trial.

Rule 310 of the Arizona Rules of Criminal Procedure, 17 A.R.S. provides that if new and material evidence is discovered, which, if introduced at trial would probably have changed the verdict or the finding of the court, and the defendant could not with reasonable diligence have discovered and produced it upon the trial, the court shall grant a new trial.

In the case of State v. Love, 77 Ariz. 46, 266 P.2d 1079, this court said it is largely in the discretion of the trial court as to whether a new trial on the ground of newly discovered evidence shall be granted and its action in overruling such motion will not be reversed unless an abuse of discretion manifestly appears. We have no quarrel with this appellate principle, and if it were not for the peculiar circumstances indicating a suppression of the fact that a knife

had been found near the scene of the crime, we would not quarrel with the over-all discretion exercised by the trial court judge.

Article 2, § 4 of the Constitution of Arizona, A.R.S. and Amendment XIV to the Federal Constitution provide that no person shall be deprived of his life or liberty without due process of law. By decision of the United States Supreme Court, due process is violated if the prosecution suppresses evidence favorable to an accused who has requested it where the evidence is material either to his guilt or to his punishment. Brady v. State of Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed. 2d 215. In the Brady case the defendant had participated in a robbery with another, during which a man was killed. Prior to trial, the defendant requested an examination of the extrajudicial statements made by his companion. Several of the statements were shown to him but the one in which the companion admitted to having committed the actual killing was not revealed until after the defendant had been tried and convicted. The United States Supreme Court affirmed the Maryland Court of Appeals holding that suppression of the above evidence denied defendant due process of law.[1]

There has been some debate following the Brady decision, supra, concerning the limits of its holding. See Suppression of Evidence Favorable to an Accused, 34 F.R.D. 87; The Constitutional Disclosure Duty and the Jencks Act, 40 St. John's Law Review 206; 60 Columbia L.Rev. 858 (1960); 74 Yale L.Rev. 136. Some critics seem to feel that the Brady case should be limited to a pronouncement on "discovery" rights or read in close conjunction with the federal Jencks Act which entitles the accused in a federal prosecution to all previous statements made by a government witness relating to the subject matter of the witness' trial testimony, while others feel that it is strictly related to the duty of the prosecution to disclose material evidence.

---

1. Regarding the matter of punishment rather than guilt, as the evidence had no relevance to guilt under the Maryland felony-murder rule.

Cases subsequent to Brady, supra, however recognize a broad duty on the part of the prosecution to disclose evidence favorable to the defendant. In the case of United States ex rel. Meers v. Wilkins, 326 F.2d 135 (2nd Circuit, 1964) the facts differed from Brady in that the defense counsel had made no request for the material, though undisclosed, evidence, but the court held that such request "is not a sine qua non to establish a duty on the prosecution's part." The court held that the prosecution was duty bound to disclose to a robbery defendant the existence of two disinterested eyewitnesses who would have testified that the prisoner had not participated in the robbery, and that failure to do so denied the prisoner a fair trial.

In Barbee v. Warden, Maryland Penitentiary, 331 F.2d 842 (4th Circuit, 1964) the Fourth Circuit Court of Appeals held that a defendant had likewise been denied due process of law when the prosecution failed to reveal the results of ballistic and fingerprint tests which tended to show that defendant's revolver, which had been introduced for identification purposes only, was not the one used to shoot a policeman, an act with which defendant had been charged.

A number of state courts also have accepted in various forms the proposition that the prosecutor is under a duty to make disclosure of evidence in his possession which relates to the charges being brought against the defendant and that a conviction cannot stand when the prosecutor has either wilfully or negligently withheld material evidence favorable to the defendant. State v. Thompson, Mo., 396 S.W.2d 697; People v. Yamin, 45 Misc.2d 407, 257 N.Y.S.2d 11; Newton v. State, Fla.App., 178 So.2d 341; McMullen v. Maxwell, 3 Ohio St.2d 160, 209 N.E.2d 449.

In the present case we are faced with the question of whether the failure of the state to reveal the relevant physical evidence found at the scene of the crime constituted a denial of due process. That many courts have recently found that the state has an obligation to disclose certain types of evidence certainly seems just when the duties of the prosecution are considered in their proper perspective. Both prosecutors and the police, as public officers acting on behalf of the state, are sworn to uphold the law and are duty bound to protect the rights of the innocent as well as to prosecute the guilty. Their primary duty is not to convict, but to see that justice is done. Canon 5, Canons of Professional Ethics. A prosecutor who fails to reveal evidence that clearly would aid the accused's defense would seem to have lost sight of his proper objective. Should his failure be a deliberate attempt to employ defendant's unknowingness to the prosecution's own advantage, his actions would become particularly reprehensible. Indeed, if the prosecutor in the instant case had learned of the knife in the police's custody, his following argument in summation before the jury would make him deserving of such reprehension:

"You will recall that great effort was made to indicate the bad character of Willie Lee Smith. He is referred to as a knife carrier. Was there any evidence of the knife on Willie?"

As was said in Curran v. State of Delaware, 3 Cir., 259 F.2d 707, 711, " * * * [T]he trial of a capital case, or indeed any other trial, no longer can be considered properly a game of wits and skill." A man faced with the possible prospects of losing his life or being subjected to an extended prison term should not be denied, at the whim of the state, evidence which may be vital to his defense. A defendant's right to a fair trial must not be regarded lightly. In State v. Wallace, 83 Ariz. 220, 319 P.2d 529, we said that when a man is charged with a homicide, the accused has a right to support his defense with all the circumstances of the occurrence. It would be wrong now for this court to permit public officers to stand in the way of the exercise of this right.

The arguments in this case against finding a duty of disclosure are not convincing. The state justifies its action in

not revealing the knife by concluding that there was insufficient foundation to make it admissible as evidence. The reasons for so concluding were, one, that there was conflicting evidence as to the exact location where the knife was found, and two, several neighbors who were interrogated by the police were unable to identify the knife or its owner. Under the circumstances, however, we can hardly say that the sufficiency of the knife's foundation for evidence purposes was a matter for the prosecution's unilateral determination. In Griffin v. United States, 87 U.S.App.D.C. 172, 183 F.2d 990 dealing with facts strikingly similar to those of the present case, the court said:

> "* * * [T]he case emphasizes the necessity of disclosure by the prosecution of evidence that may reasonably be considered admissible and useful to the defense. When there is substantial room for doubt, the prosecution is not to decide for the court what is admissible or for the defense what is useful." 183 F.2d at pp. 992–93.

Along the same line is the case of Ashley v. State of Texas, 319 F.2d 80 (5th Circuit 1963) where the court held that the prosecution's failure to reveal a state psychiatrist's report was not justified by the fact that the evidence might be inadmissible because in the form of an opinion. In passing the court said, "it is not the nature or the weight to be accorded to an opinion, but the fact that such an opinion had been formed." It is the defense's task to lay the foundation for evidence that it wishes to introduce at trial and it is the duty of the court to rule on the sufficiency of this offer. It is not for the prosecution to prevent or to perform either of these functions.

■ It is not an answer that the defense attorney never requested the evidence. United States ex rel. Meers v. Wilkins, supra; Barbee v. Warden, Maryland Penitentiary, supra. While it may be true that other defense counsel might have learned about the finding of the knife, this is too speculative a conclusion under the circumstances to be given precedence over an accused's right to a fair trial. See United States ex rel. Thompson v. Dye, 221 F.2d 763 (3rd Circuit, 1955). Here the knife was discovered within a short time after the shooting when, in all probability, the defense counsel had not yet been contacted. A neighbor apparently was present when the knife was found by the police but there seems to be no good reason why the defense counsel under the facts of this case would have had any reason to believe that an interview of all the neighbors would add anything to his defense.

■ We find that under the circumstances it was error for the prosecution to conceal the knife in question and as a result hold that the defendant was deprived of the fundamental fairness to which an accused is entitled. The knife being evidence both material and relevant to the defendant's assertion that he acted in self-defense, should have been made available for the jury's consideration. As Judge Hastie in his concurring opinion in United States ex rel. Thompson v. Dye, supra, said:

> "It seems likely that many situations will arise in which a prosecutor can fairly keep to himself his knowledge of available testimony which he views as mistaken or false. But there are other circumstances in which a prosecutor must, or certainly should know that even testimony which he honestly disbelieves is of a type or from a source which in all probability would make it very persuasive to a fair minded jury." 221 F.2d at p. 769.

We conclude that the special circumstances outlined above are present in this case and that defendant should have been granted a new trial.

Judgment reversed and remanded.

STRUCKMEYER, UDALL and LOCKWOOD, JJ., and McFARLAND, V. C. J., concur.