482 P.2d 460

**The STATE of Arizona, Appellee,**

v.

**James Alva ALTMAN, Appellant.**

**No. 1996.**

Supreme Court of Arizona,
In Division.

March 18, 1971.

Gary K. Nelson, Atty. Gen., by Carl Waag and John Ryley, Asst. Attys. Gen., Phoenix, for appellee.

Robert J. Hirsh, Tucson, for appellant.

HAYS, Vice Chief Justice.

Appellant, James Alva Altman, was tried and convicted of the crime of unlawful sale of marijuana in violation of A.R.S. § 36-1002.07. On October 26, 1967, a narcotics officer and one Jerry Lindsey went to the home of appellant for the purpose of purchasing marijuana. After Lindsey, a friend of appellant, introduced the officer to appellant the officer told appellant that he understood that appellant had some "grass" for sale. Appellant answered that he did and pointed to a nearby stand upon which stood a cookie box containing several plastic bags containing marijuana. The officer asked appellant how much he wanted for one bag and appellant replied that he wanted ten dollars. At this time the officer placed one bag in his shirt pocket and gave appellant ten dollars. It was this transaction upon which the unlawful sale of marijuana charge arose.

Appellant raises the following questions for consideration by this Court: (1) was appellant deprived of an adequate preliminary hearing; (2) was appellant unduly restricted in cross-examining the state's witnesses at the trial of this case; (3) did the public prosecutor so misconduct himself as to prevent the appellant from receiving a fair and impartial trial; (4) did the trial court err in refusing to instruct the jury on possession of marijuana as a lesser included offense as to the crime of sale of marijuana; (5) did the trial court err in refusing to instruct the jury that they could not convict appellant on probability; (6) did the trial judge erroneously comment to the jury as to appellant's character evidence; (7) did the trial court err in denying appellant's motion to require the state to turn over to appellant any material that would be beneficial to the defense or that would be exculpatory or inconsistent with the state's case; (8) did the trial court err in denying

appellant's motion for a continuance to secure the attendance of a witness; and (9) did the trial court erroneously admit evidence relating to the number of marijuana cigarettes one "lid" would make?

■■ Appellant's contention that he was denied an adequate preliminary hearing is based upon the fact that the justice of the peace did not permit him to bring out facts consistent with his defense of entrapment during his cross-examination of the state's witnesses or during his direct examination of one Gaylord Junkin. The Supreme Court of Nevada in Marcum v. Sheriff, Clark County, 85 Nev. 175, 451 P. 2d 845 (1969) held:

"The appellant argues that the state's evidence raised the probability of entrapment and that he should have been permitted a fair wider latitude of cross-examination to explore and establish this defense. This argument must be rejected because entrapment is an affirmative defense to be resolved at trial. Wyatt v. State, 77 Nev. 490, 367 P.2d 104 (1961), State v. Fuchs, 78 Nev. 63, 368 P.2d 869 (1962). The line of cross-examination pursued by the appellant appears to be immaterial and irrelevant to that defense and it was permissible for the magistrate to foreclose further inquiry.

A preliminary examination is not a substitute for trial. State v. Fuchs, supra. Its purpose is to determine whether a public offense has been committed and whether there is sufficient cause to believe that the accused committed it. The state must offer some competent evidence on those points to convince the magistrate that a trial should be held. The issue of innocence or guilt is not before the magistrate. That function is constitutionally placed elsewhere. The full and complete exploration of all facets of the case is reserved for trial and is not the function of a preliminary examination. It follows that a greater restriction upon the examination of witnesses is permissible at the preliminary examination stage of the criminal process than at the trial." 451 P.2d at page 847.

We are in accord with the view expressed in *Marcum;* therefore, the justice of the peace in the instant case did not err in curtailing appellant's cross-examination of the state's witnesses as it related to appellant's defense of entrapment. As a related matter, appellant urges that the justice of the peace erred in sustaining Gaylord Junkin's assertion of the privilege against self-incrimination. We will not look for reversible error in the evidentiary rulings of the justice of the peace who is not required to be trained in the law. If appellant was of the opinion that Gaylord Junkin wrongfully claimed the privilege against self-incrimination at the preliminary hearing he had the right to call Junkin as a witness at the trial at which time the trial judge could rule on any questions to which Junkin might claim the privilege against self-incrimination.

■ Appellant urges that at the trial of this matter he was unduly restricted in the cross-examination of the state's witnesses. It is beyond dispute that the defendant has a constitutionally protected right to cross-examine the witnesses against him. State v. Narten, 99 Ariz. 116, 407 P. 2d 81 (1965). Although there is broad leeway in cross-examination, State v. Miranda, 104 Ariz. 174, 450 P.2d 364 (1969), the control of cross-examination is left to the sound discretion of the trial judge and will not be disturbed on appeal in the absence of a showing from the record of an abuse of that discretion. State v. Hughes, 104 Ariz. 535, 456 P.2d 393 (1969). We have reviewed the record in this matter, particularly the questions asked by defense counsel on cross-examination to which objections were sustained, and we fail to see any abuse of discretion by the trial judge. We also conclude that there was no misconduct on the part of the prosecutor in making these objections.

■ Appellant's next contention is that he was prevented from receiving a fair trial because of misconduct on the part of the

prosecutor. Appellant argues that the prosecutor violated appellant's right to remain silent when upon cross-examination he asked appellant whether he had related to police the story he had told on the witness stand. The following exchange took place:

"Q. Did you ever tell the officer that at any other time?

MR. HIRSCH: Just a minute. Let me object to that. That is totally irrelevant.

THE COURT: Yes. The objection is sustained."

The question was not improper, *see* Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971). Also, the question was never answered and hence there could have been no prejudice to the defendant even if the question had been improper. We have considered appellant's other allegations of misconduct on the part of the prosecutor and find them to be without merit.

Appellant argues that the trial court committed reversible error in failing to instruct the jury as to possession of marijuana as a lesser included offense. In State v. Schroeder, 95 Ariz. 255, 389 P.2d 255 (1964) we said:

"Under our holdings, instructions on lesser offenses are justified only when there is evidence upon which the jury could convict of a lesser offense and, at the same time, find that the state had failed to prove an element of the greater crime. Application of Williams, 85 Ariz. 109, 333 P.2d 280 (1958); Antone v. State, 49 Ariz. 168, 65 P.2d 646 (1937). In other words, the state of the record must not be such that defendant can only be guilty of the crime charged or not guilty at all. When the sole defense to a charge of murder is an alibi, for example, or a plea of insanity, no instruction on included crimes is necessary. For in these cases, if the jury accepts defendant's version of the killing, they must acquit; if not, and the state's proof is otherwise sufficient, the only alternative is conviction of the offense charged." 389 P.2d at page 257.

In the instant case the appellant based his defense upon entrapment. If the jury believed that entrapment occurred they would be required to acquit appellant; however, if they did not believe the defense of entrapment then they would be required to convict of the crime charged. Since the jury found appellant guilty it is apparent that they did not believe that he was entrapped into committing the crime charged. The trial judge, therefore, did not err in refusing to instruct the jury on the lesser offense of possession of marijuana.

Appellant also contends that the trial judge erred in refusing his instruction to the effect that the jury could not convict on a mere probability. It is true that the court in Hash v. State, 48 Ariz. 43, 44, 59 P.2d 305 (1936) said it was reversible error not to give such an instruction; however, it also stated that "[i]f * * * the same thought was covered by the court's instructions, then the refusal of these would not be error." 48 Ariz. at page 58, 59 P.2d at page 311. A review of the instructions given in the instant case reveals that the thought covered by appellant's instruction on "mere probability" was expressed; therefore, the trial judge did not err in refusing to give appellant's requested instruction.

It is appellant's position that the trial judge erroneously commented to the jury as to the nature of appellant's character evidence. On re-direct examination of John L. Cates, called as a character witness for appellant, the following exchange took place:

"REDIRECT EXAMINATION BY MR. HIRSCH

Q. Did you ever reduce any of these conversations to writing [conversations with others concerning appellant], or did you ever take notes at any time during the course of the years that you have discussed Jimmy Altman?

MR. WEISS: It is immaterial.

MR. HIRSCH: Q. Well, did you ever take notes to refresh, to enable you to refresh your memory as to when you had these conversations with Jimmy and with whom?

A. No.

MR. WEISS: I am going to object to that. That is immaterial and irrelevant. It has already been answered.

THE COURT: These matters are immaterial. Let's go to something that makes a difference, gentlemen." RT at pages 143–44.

We do not believe that this statement by that judge constituted an improper comment to the jury nor was it prejudicial. Appellant next argues that the trial court erred in denying appellant's motion to require the prosecution to provide defense counsel with any material that the state may have had which would be exculpatory in nature or inconsistent with the state's case in accordance with Brady v. State of Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). In *Brady* the Court held that "suppression by the prosecution of evidence favorable to the accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at page 87, 83 S.Ct. at pages 1196–1197. In State v. Fowler, 101 Ariz. 561, 422 P.2d 125 (1967) this Court recognized the existence of a broad duty on the part of the prosecution to disclose evidence favorable to the defense. Thus, under *Fowler*, the prosecution is duty bound to disclose evidence favorable to the defendant whether or not the defendant requests it. In the instant case, there is no allegation that the prosecution suppressed evidence favorable to the defendant; therefore, the failure of the trial court to grant appellant's motion was not reversible error.

Appellant's next assignment of error is that the trial court erred in denying his motion for a continuance to secure the attendance of Gaylord Junkin, a witness. It is well settled that the disposition of a request for continuance is within the discretion of the trial judge. State v. Wallace, 98 Ariz. 243, 403 P.2d 550 (1965); 17 A.R.S., Rules of Criminal Procedure, rule 241. This discretion, however, is legal discretion and not arbitrarily exercised. State v. McGill, 101 Ariz. 320, 419 P.2d 499 (1966).

In the instant case the Court denied appellant's motion for a continuance on the "basis of an untimely attempt to subpoena the witness." Appellant's counsel states that his secretary typed a subpoena for Gaylord Junkin on July 25, 1968; however, there is no record showing that the sheriff's office received the subpoena. Under rule 244 of the Rules of Criminal Procedure a motion for continuance on the ground that a witness is absent must show among other things that due diligence has been used to obtain the witness. 17 A.R.S., Rules of Criminal Procedure, rule 244 subd. 5. It is the opinion of this Court that appellant's counsel's failure to follow up on the subpoena prior to the beginning of the trial indicates a failure to comply with the standard set by the rules, therefore, the trial judge did not abuse his discretion in denying appellant's motion for a continuance.

The final assignment of error is based upon the prosecutor's eliciting from the state's witnesses testimony regarding the number of marijuana cigarettes one "lid" of marijuana would make. Although it is not necessary to establish a usable quantity in order to convict a defendant of unlawful sale of narcotic drugs, State v. Espinosa, 101 Ariz. 474, 421 P.2d 322 (1966), we do not believe it was reversible error for the judge in the instant case to permit the introduction of such evidence.

Judgment affirmed.

UDALL and LOCKWOOD, JJ., concur.