509 P.2d 1027

**STATE of Arizona, Appellee,**

v.

**Robert SALCIDO, Appellant.**

No. 2481.

Supreme Court of Arizona,
In Banc.

May 10, 1973.

Gary K. Nelson, Atty. Gen., Peter Van Orman, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, Roger H. Lichty, Deputy Public Defender, Phoenix, for appellant.

LOCKWOOD, Justice:

The defendant Robert Salcido was found guilty of two counts of armed robbery. He was sentenced from seven to ten years on each count to run concurrently. From his conviction he appeals.

The testimony at trial elicited the following facts. Shortly before 8:00 a. m., on May 7, 1971, Leon Fink, the proprietor of Appliance Service Center, opened his store. At approximately 8:00 a. m., while in the store, Fink noticed a man approaching from the rear of the store. This man produced a gun and said "This is a stick-up." When the robber discovered that the store's safe was empty, he ordered Fink to give him the money in his wallet which was about $130.00. Jesse Collins, a store employee, was accosted by the robber at this same time and the robber took money from him also at gun point.

Prior to these events and unknown to Fink and Collins, fellow employees Robert Evans, Richard Burns, Glen Wade, "Oscar" and "Ronnie" had entered the store and been detained at gun point by this robber. When the hold-up man discovered that none of these people had any money, he locked the employees in a rear room and proceeded to the front of the store where the above events concerning Fink and Collins took place.

Although the robber shut Fink and Collins in the back room, Fink was able to observe the robber and followed him. Because this pursuit was unsuccessful, Fink took his car and began looking for the robber. After approximately ten minutes Fink arrived at the corner of First Street and Buchanan, where he observed Officers Debnam and Martin with a third individual (the defendant in this case). Although Fink was the first robbery victim to reach First Street and Buchanan, he remained in the background for about ten to fifteen minutes after he arrived.

During these same events Police Officer Boynton had arrived at the appliance store in response to the telephone call from Burns giving a description of the robber and enumerating the events. Officer Boynton met Burns in front of the store and they also proceeded to search for the hold-up man. When they received the radio message indicating that the subject of the search had been located there, they drove to First Street and Buchanan.

At this point, however, Burns failed to identify the defendant as the robber. Burns and Boynton then left First Street and Buchanan, returning to 805 South Central, the scene of the robbery. After their departure Fink made a positive identification of the defendant.

Officers Debnam and Martin then put the defendant in their paddy wagon and took him to 805 South Central, where independently Burns and Wade identified the defendant as the robber. Both witnesses viewed the defendant in police custody seated alone in the back of a paddy wagon. From the time the robbery occurred until the time Burns and Wade made their identifications approximately 25 to 30 minutes had elapsed.

During the course of the trial the defense moved to have the in-court identification testimony of Burns and Wade excluded. This motion was denied by the trial court. The defense also moved for a mistrial on the grounds that the state had suppressed evidence favorable to the accused. This motion too was denied. On November 23, 1971 the jury found the defendant guilty as charged.

The first issue raised by the defendant is whether the trial court erred in denying the motion for mistrial.

The facts indicate that the evidence regarding the failure of at least one person (Burns) to positively identify the defendant as the robber at First Street and Buchanan was not disclosed until it was elicited at trial from the testimony of several witnesses. The defendant therefore contends that the non-disclosure hampered the defense so that the in-court identification by Burns should have been suppressed. He further feels that since the motion to suppress the in-court identification was de-

nied, its admission resulted in a mistrial, the denial of which constituted error.

■ We have recognized that the state is duty bound to disclose evidence which may be favorable to the defense and which may not be reasonably known to or discoverable by the defense whether or not it is requested. State v. Altman, 107 Ariz. 93, 482 P.2d 460 (1971); State v. Maloney, 105 Ariz. 348, 464 P.2d 793, cert. denied 400 U.S. 841, 91 S.Ct. 82, 27 L.Ed.2d 75 (1970); State v. Fowler, 101 Ariz. 561, 422 P.2d 125 (1967). In the instant case Officer Debnam had knowledge of a witness who, initially, could not identify the defendant as the robber. This evidence was not revealed to the defense until the trial was almost half over. At that point in the trial, Burns was recalled and the misidentification was explored by direct and cross-examination.

In addition, both Officers Debnam and Boynton, who knew that Burns failed to identify the defendant at First Street and Buchanan, were examined and cross-examined in front of the jury about the facts surrounding the misidentification.

■ Thus the record in the instant case does not reveal the suppression of evidence by the prosecution. The misidentification by Burns of the defendant was clearly made known to the defendant and his counsel and was brought to the attention of the jury on direct and cross-examination. We hold that this did not constitute suppression of evidence by the State, did not hamper the defense and therefore did not constitute the ground for a mistrial. Therefore, *Fowler* is not applicable to the facts of this case. See State v. Maloney, *supra*; State v. Counterman, 8 Ariz.App. 526, 448 P.2d 96 (1968).

The defendant also contends that the trial court erred in denying defense counsel's motions regarding suppression of the in-court identifications of the witnesses Burns and Wade and any testimony concerning the confrontation between these witnesses and the defendant after he was returned to the scene of the crime.

■ As a general rule, absent special elements of unfairness, prompt on-the-scene confrontations do not entail due process violations. Russell v. United States, 133 U. S.App.D.C. 77, 408 F.2d 1280, 1284 cert. denied, 395 U.S. 928, 89 S.Ct. 1786, 23 L. Ed.2d 245 (1969).

Both Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), and Russell v. United States, *supra,* require that we look at the totality of circumstances surrounding the in-court identifications and pre-trial confrontations to see whether the defendant was denied a fair trial by the admission of Wade's and Burns' identification.

A hearing in accordance with State v. Dessureault, 104 Ariz. 380, 453 P.2d 951 (1969) cert. denied, 397 U.S. 965, 90 S.Ct. 1000, 25 L.Ed.2d 257 (1970) was held on the motions to suppress, but the trial court failed to make either of the findings required in *Dessureault.* The trial court denied the motions without making a specific finding on the legality of the pre-trial confrontation between the defendant and Wade and Burns or on the validity of the in-court identification by these two witnesses. It is apparent that the only finding the judge could have made in view of his order was that the on-the-scene identification was *not* unduly suggestive and that the in-court identification was therefore independent and *not* tainted by the on-the-scene confrontations. As a result, the admission of the in-court identification was proper based on the judge's ruling.

The defendant, notwithstanding the trial court's ruling on the foregoing, contends that the on-the-scene identification is a "critical" stage of the prosecution and requires the presence of counsel under United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967). However, *Wade* and *Gilbert,* are inapplicable in this case since they relate only to post-information situations. State v. Fields, 104 Ariz. 486, 455 P.2d 964 (1969); State v. Dessureault,

*supra.* See also Russell v. United States, *supra.*

■ Therefore, counsel is not required at an on-the-scene identification. Accordingly, the trial court's denial of defense counsel's motions to suppress the testimony concerning the events surrounding this confrontation were correct.

The judgment of the trial court is affirmed.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and HOLOHAN, JJ., concur.