523 P.2d 51

**STATE of Arizona, Appellee,**

v.

**James E. HUNTER, Appellant.**
No. 2829.

Supreme Court of Arizona,
In Division.

June 5, 1974.

Gary K. Nelson, Atty. Gen., Phoenix, Louis M. Diesel, Sp. Asst. Atty. Gen., Flagstaff, R. Wayne Ford, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, Richard L. Thompson, Deputy Public Defender, Phoenix, for appellant.

LOCKWOOD, Justice:

The appellant was charged by information with having committed a robbery on March 3, 1973. After a jury trial he was found guilty and sentenced to a term of from five years to life in the Arizona State Prison. From his conviction this appeal is taken.

The record discloses that Mr. Saxe, the victim of the robbery, went to a walk-up liquor store window and purchased a bottle of whiskey. While at the liquor store window, Saxe observed the appellant and another man who were also waiting in line. His attention was drawn to the appellant because he was complaining about the delay in being served. Mr. Saxe made his

purchase and then started to walk home. On the way home he stopped to light a cigarette and observed that the appellant and another man were following him. He had almost reached his apartment when he was attacked by two men. He attempted to resist but was knocked to the ground and the assailants took his wallet which contained approximately $98.00.

Neighbors heard the struggle and called the police. Officer Larm of the Phoenix Police Department arrived on the scene a few minutes later. During the initial investigation, the victim positively identified the appellant from a photographic lineup of six pictures. Two other potential witnesses to the crime told Officer Larm that they did not wish to give their names and would not testify.

Officer Larm who was familiar with the area and knew the appellant went looking for him. He found the appellant about one and a half blocks from the scene of the crime. He called to the appellant but the appellant recognized the officer and ran away. The officer was unable to locate the appellant. Four days later the appellant, accompanied by his mother, turned himself in.

At trial, the victim who was sixty-five years old and wore extremely thick bifocals, identified the appellant as one of the assailants. The appellant called two alibi witnesses who testified that the appellant was playing baseball at the time of the robbery at a field a few blocks away from the scene of the crime. The appellant also took the stand and testified he was playing baseball at the time of the robbery. After hearing all the evidence, the jury found the appellant guilty as charged.

Appellant has raised a number of issues but we need only consider one: Did the trial court err in preventing the defendant from discovering the names of the two other eyewitnesses to the robbery or evidence which might lead to the names of the eyewitnesses?

During the trial the following testimony was elicited:

"Q. [Prosecutor to Officer Larm] Did you experience in regards to your investigation at the scene of the crime with Mr. Saxe as to having any further witnesses come forward and identify themselves?

"A. Yes. I did have two witnesses, but they didn't want to reveal their identity, and they did state that they would not go to court if we submitted the information.

* * * * * *

"Q. [Defense counsel] What are the names of the people you talked to who did not want to become involved?

"A. They did not . . .

"[Prosecutor] Objection, your Honor. The officer testified they advised him they did not want to give names because of repercussions to testifying, and we feel to disclose the names in open court would be entirely improper.

"THE COURT: Sustained.

"[Defense counsel] Your Honor, I move for the production of any known witnesses to this . . .

"THE COURT: They didn't give any names.

"[Prosecutor] Your Honor, the State has no knowledge, and the officer indicated that they refused to give their names because of protection down there.

"[Defense counsel] Well, can I ask the question in this regard . . .

"THE COURT: You asked it, and he answered it. He said he couldn't give their names. You asked what the names were, and he said he didn't give them."

It is clear from the foregoing that the trial judge was incorrect in concluding that the investigating officer did not know who the two eyewitnesses were. The testimony given would only indicate that the witnesses did not wish to give their names not that the investigating officer failed to get their names or whether or not he knew their identity.

The control of cross-examination is left to the sound discretion of the court and will not be disturbed on appeal in the

absence of a showing from the record of an abuse of discretion. State v. Altman, 107 Ariz. 93, 482 P.2d 460 (1971). The only issue before the trial court was the identification of the appellant as the assailant.

The only testimony against the appellant was that of the victim whose eyeglasses were broken during the course of the attack. The appellant was arbitrarily denied the opportunity to discover the names of material witnesses to the crime. State v. Fowler, 101 Ariz. 561, 422 P.2d 125 (1967). Therefore it was clearly prejudicial error for the judge to refuse to let the defense counsel inquire whether the investigating officer knew the identity of the eyewitnesses to the attack.

Reversed and remanded for new trial.

HAYS, C. J., and HOLOHAN, J., concur.