523 P.2d 781

**The STATE of Arizona, Appellee,**

v.

**Liggins O. WALDROP, Appellant.**

**No. 2876.**

Supreme Court of Arizona,
In Banc.

June 26, 1974.

Rehearing Denied Sept. 17, 1974.

Gary K. Nelson, Atty. Gen. by R. Wayne Ford, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by John Foreman, Deputy Public Defender, Phoenix, for appellant.

CAMERON, Vice Chief Justice.

This is an appeal from a jury verdict and judgment of guilt to the crime of voluntary manslaughter with a gun, §§ 13–455, 13–456, 13–457(B) A.R.S., and a sentence of not less than fifteen years nor more than life in the Arizona State Prison.

The defendant raises only one question on appeal and that is whether it was reversible error for the State, without request, to fail to reveal to the defense prior to trial the existence of a knife found in decedent's pocket.

The facts necessary for a determination of this matter on appeal are as follows. The deceased, Johnny Bob Sullivan, lived with the defendant's sister and their three children although the defendant's sister and the deceased were not married. The defendant rented space in the house with his sister and the deceased. The deceased was the foreman in the tire-recapping department of the Copper State Tire Company, 2435 West Buckeye Road, Phoenix, Arizona. The defendant worked for Copper State Tire Company under the direction of the deceased. The deceased and the defendant had been having some difficulty over money ($100) that the deceased alleg-

edly owed defendant. There was also some difficulty over the fact that the defendant was taking too long a lunch hour which the deceased, as foreman, found disturbing. The defendant moved out of the deceased's house the day before the shooting. On the afternoon of the shooting, an argument between the two ensued and the defendant took a gun, which he testified he always carried, from underneath his shirt, and shot the deceased. The defendant contended that the deceased approached him with a knife, which the defendant testified the deceased always carried. The deceased died from the gun shot wounds and the defendant was charged with murder. The attorney for the State made the following remarks in his opening statement before the jury prior to the trial:

"Now with that he then pulled out—lifted his shirt and pulled out his gun and shot the man, shot John Sullivan, shot him in the chest. This occurred approximately at 1:05 and the police arrived within five minutes, secured the scene, found no weapons of any kind, and the witnesses will testify that at no time did the victim make any effort towards the defendant nor did he say anything or did he make any threatening motions or gestures."

Testimony from the owner of the Copper State Tire Company indicated that he had never seen any of the men carry knives, and the officer who arrived at the scene of the crime testified as follows:

"Q [MR. SHAW] Now as far as the victim was concerned you have shown to the jury where he was on the ground.

Did you take a good look around the ground there in the area where the victim was lying?

"A Yes, I did. All I could see was debris from tires which had been torn apart and rubber, strips of rubber, laying all over the ground.

"Q Did you look for a weapon of any kind?

"A I did. I saw no weapon at all."

Detective Baker was then called who produced a series of items obtained during the investigation of the case, including a knife taken by a police detective from the deceased's trouser pocket at the hospital.

The record does not indicate that the attorney for the defendant made any motion to produce evidence prior to the trial. Defendant contends, however, that the failure of the county attorney to make known the existence of the knife prior to the trial was fundamental error because it was, in effect, a concealment of evidence favorable to the defendant in violation of our previous case of State v. Fowler, 101 Ariz. 561, 422 P.2d 125 (1967).

We believe the two cases may be distinguished. In State v. Fowler, supra, a knife was found by the police shortly after the shooting near the scene of the crime. The State did not introduce the knife into evidence and concealed the existence of the knife from the defendant. The testimony of the defendant at the trial was that he had been attacked by the defendant and had shot in self-defense and that the deceased had a reputation for carrying a knife. The court in Fowler stated:

"We find that under the circumstances it was error for the prosecution to conceal the knife in question and as a result hold that the defendant was deprived of the fundamental fairness to which an accused is entitled. The knife being evidence both material and relevant to the defendant's assertion that he acted in self-defense, should have been made available for the jury's consideration. As Judge Hastie in his concurring opinion in United States ex rel. Thompson v. Dye, [3 Cir., 221 F.2d 763], supra, said:

'It seems likely that many situations will arise in which a prosecutor can fairly keep to himself his knowledge of available testimony which he views as mistaken or false. But there are other circumstances in which a prosecutor must, or certainly should know that even testimony which he honestly disbelieves is of a type or from a

source which in all probability would make it very persuasive to a fair minded jury.' 221 F.2d at p. 769.

"We conclude that the special circumstances outlined above are present in this case and that defendant should have been granted a new trial." 101 Ariz. at 564, 422 P.2d at 128.

In the instant case, the existence of the knife was not concealed, the statements of the witnesses indicating that nothing was found at the scene of the crime were factually correct. The knife was taken from the pocket of the deceased at the hospital. We believe that this case falls more nearly within the following:

"We have recognized that the state is duty bound to disclose evidence which may be favorable to the defense and which may not be reasonably known to or discoverable by the defense whether or not it is requested. (citations omitted) In the instant case Officer Debnam had knowledge of a witness who, initially, could not identify the defendant as the robber. This evidence was not revealed to the defense until the trial was almost half over. At that point in the trial, Burns was recalled and the misidentification was explored by direct and cross-examination.

"In addition, both Officers Debnam and Boynton, who knew that Burns failed to identify the defendant at First Street and Buchanan, were examined and cross-examined in front of the jury about the facts surrounding the misidentification.

"Thus the record in the instant case does not reveal the suppression of evidence by the prosecution. The misidentification by Burns of the defendant was clearly made known to the defendant and his counsel and was brought to the attention of the jury on direct and cross-examination. We hold that this did not constitute suppression of evidence by the State, did not hamper the defense and therefore did not constitute the ground for a mistrial. Therefore, *Fowler* is not applicable to the facts of this case. See State v. Maloney [105 Ariz. 348, 464 P. 2d 793], supra; State v. Counterman, 8 Ariz.App. 526, 448 P.2d 96 (1968)." State v. Salcido, 109 Ariz. 380, 382, 509 P.2d 1027, 1029 (1973).

Under the Rules of Criminal Procedure in effect at the time this trial was held, there was no error. Neither do we find any prejudice to the defendant in the manner in which the existence of the knife became known to the court and to the jury.

Judgment affirmed.

HAYS, C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.