553 P.2d 1254

**The STATE of Arizona, Appellant,**

v.

**J. W. LIPPARD, Appellee.**

**No. 1 CA–CR 1426.**

Court of Appeals of Arizona,
Division 1,
Department A.

Aug. 31, 1976.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer III, Chief Counsel Crim. Div., and Moise Berger, Maricopa County Atty. by Lawrence C. Cantor, Deputy County Atty., Phoenix, for appellant.

Stewart & McLean, Ltd. by William H. McLean, Phoenix, for appellee.

OPINION

OGG, Judge.

The appellee/defendant J. W. Lippard was tried and convicted by the jury on a charge of bribery. The trial court granted the defendant a new trial on the ground that the state had failed to disclose material evidence favorable to the defendant in violation of the law set forth in the United States Supreme Court decision of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The state has now appealed from the trial court order granting the defendant a new trial.

The facts pertinent to this decision disclose that after the defendant was charged with the crime of bribery the defendant, on both the omnibus hearing form and by written motion, specifically requested all prior statements made by any of the state's

witnesses and all evidence in the state's possession which might be helpful to the defense. The court ordered all of this evidence to be disclosed to the defendant prior to trial or produced by the state for an *in camera* inspection within ten days following the omnibus hearing.

At the trial the state's principal witness against the defendant was James H. Cornwall. Cornwall testified that in June, 1971, he and the defendant had paid the sum of $2,000 to George F. Brooks, an investigator for the Maricopa County Attorney's Office, to influence him in his capacity as a public employee. Following the jury's verdict of guilty the defendant made a timely motion for a new trial. In this motion the defendant alleged that after this conviction his trial counsel learned for the first time that Cornwall had given sworn testimony concerning this alleged bribe in a proceeding before the Arizona Real Estate Commission less than one year earlier. In that hearing before the Arizona Real Estate Commission, Cornwall testified that the "Brooks' bribe" had been paid by Ned Warren, Sr., and not by the defendant and that the bribe had been paid in cash and not by check.

It is conceded by the state that the County Attorney's Office had custody of the only transcript of Cornwall's testimony before the Arizona Real Estate Commission for approximately two months prior to defendant's trial. Additionally, the state does not contend that the defendant or his counsel were ever advised of the existence of this transcript prior to the trial.

At the oral argument the state explained the failure to produce Cornwall's prior testimony was an oversight caused by the vast number of documents in this complex case.

It is the state's position that Cornwall was repeatedly impeached during the trial and that his testimony given before the Arizona Real Estate Commission would only amount to more cumulative impeachment which would not reasonably have affected the verdict of the jury. From this theory the state reasons that it was an abuse of discretion for the trial judge to grant defendant a new trial.

The defendant contends that the trial court properly exercised its discretion in granting a new trial on the grounds that the state withheld material evidence in violation of Rule 15.1, Arizona Rules of Criminal Procedure (1973) and the doctrine of *Brady v. Maryland,* supra.

The pertinent portion of Rule 15.1 reads:

a. Matters Relating to Guilt, Innocence or Punishment. No later than 10 days after the arraignment in Superior Court, the prosecutor shall make available to the defendant for examination and reproduction the following material and information within his possession or control: (1) The names and addresses of all persons whom the prosecutor will call as witnesses in the case-in-chief together with their relevant written or recorded statements . . .

It is clear that the state did not comply with this rule when it failed to disclose to the defendant the existence of the transcript containing Cornwall's testimony before the Arizona Real Estate Commission. The defendant contends that this case is governed by *Brady v. Maryland,* supra, the landmark constitutional case regarding the prosecutor's duty to disclose evidence which may be helpful to the defendant. In *Brady* the United States Supreme Court held that the due process clause of the Fourteenth Amendment is violated if the prosecution suppresses material evidence favorable to an accused who has requested it.

We believe this case is controlled by *Brady* and the Arizona case of *State v. Fowler,* 101 Ariz. 561, 422 P.2d 125 (1967). In *Fowler* the Arizona Supreme Court, in following the *Brady* doctrine, reversed the defendant's conviction because the prosecution had failed to disclose the existence of a knife that had been found near the victim in a homicide prosecution. The court reasoned that the existence of the knife

was material evidence which would have been helpful to the defendant in presenting his case of self-defense. See also *State v. Hunter,* 111 Ariz. 23, 523 P.2d 51 (1974).

In granting defendant's motion for a new trial the trial judge ordered "[T]hat a new trial be granted in the case of *State v. J. W. Lippard,* upon the grounds and for the reasons that the state did not furnish to the Defendant a Court Reporter's Transcript of the testimony of one James Cornwall at a hearing in front of the Arizona Real Estate Board and Judge Hardy felt the testimony to be material inasmuch as it might have affected the outcome of the trial in this matter."

■ This court will not set aside an order for a new trial granted by a trial court unless there is a manifest abuse of discretion. *State v. Bogard,* 88 Ariz. 244, 354 P.2d 862 (1960).

■ From our review of the record we find no abuse of discretion in the order of the trial court. The defendant requested an opportunity to view any statements by Cornwall pursuant to Rule 15.1, Arizona Rules of Criminal Procedure. The defendant also requested an opportunity to inspect all evidence that might be helpful to the defendant (*Brady* material). The state failed to comply with the court order directing such disclosure and clearly violated Rule 15.1 and the spirit of the *Brady* and *Fowler* decisions.

It is difficult to imagine any testimony that would be more material or helpful to a defendant on a bribery charge than the testimony which was withheld from the defendant in this case. At the trial where the defendant was convicted of bribery the state's chief witness, Cornwall, testified that the defendant made the bribe. At the earlier hearing before the Arizona Real Estate Commission the same state's witness gives sworn testimony that the bribe was made by Ned Warren, Sr.

We find the testimony withheld to be material and helpful to the defendant's case and that such testimony could reasonably be expected to influence the jury verdict.

The order of the trial court in granting the defendant a new trial is affirmed.

FROEB, J., and DONOFRIO, P. J., Department A, concur.