## 21096

The STATE, Respondent, v. Raymond L. (Bud) FULLWOOD, Appellant.

(262 S. E. (2d) 10)

*J. Reuben Long,* and *Robert N. Richardson, Jr.* of *Inman & Richardson,* Conway, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Brian P. Gibbes* and *Sally G. Young,* Columbia, and *Sol. James O. Dunn,* Conway, *for respondent.*

[1] By authority of S. C. Code § 14-8-880(1) (1976), this Court may review intermediate orders upon appeal from final judgment.

December 17, 1979.

LEWIS, Chief Justice:

Defendant has appealed from his conviction of murder and sentence to life imprisonment. The dispositive issue is whether the trial judge erred in refusing defendant's motion for a new trial made on the ground that he was deprived of a fair trial because of the withholding by the Solicitor of information relevant to defendant's plea of self-defense.

The plea of the defendant was self-defense. He testified that he shot in self-defense when the victim attacked him with a knife and cut him. There was testimony from a defense witness that he saw the cuts on defendant and the defendant exhibited scars to the jury. The State produced several witnesses who indicated that they saw no knife in the victim's hand, and a defense witness testified to the same effect. During closing argument, the Solicitor argued on several occasions that the victim had no knife.

Just prior to the return of the verdict it was discovered by the defense that a knife was taken from the person of the deceased, and that the Solicitor had the knife in a bag on his desk during the trial. Upon the return of the verdict of guilty, the defendant moved for a new trial upon the ground that he had been deprived of a fair trial by the failure of the Solicitor to disclose the fact that a knife had been removed from the belongings of the deceased at the hospital shortly after the incident in question.

It is undisputed that, prior to trial, counsel for the defendant was given a negative reply by one of the investigating officers when asked if he "had any information that would be beneficial to the defendant." It is further undisputed that the Solicitor had in his possession, during the trial, the knife taken from the person of the deceased and that, with the knife in his possession, not only failed to disclose its existence but argued to the jury on several occasions that there was no knife. There can be no question that proof of the presence of the knife was vital to the defendant's plea of self-defense. The only inference to be drawn is that

the Solicitor knowingly withheld information concerning the knife; and that the withholding of this information deprived the defendant of any support his plea of self-defense might have gained from proof that a knife was found on the deceased.

Where, as here, the investigating officer is asked for disclosure and he falsely informs counsel that he has no information beneficial to the defendant; and the Solicitor knowingly pursued tactics which have the effect of using the ignorance of the defendant's counsel of the presence of the knife to the prosecution's own advantage, the concealment of the knife in question deprived the defendant of the fundamental fairness in his trial which he was entitled. *State of Arizona v. Fowler,* 101 Ariz. 561, 422 P. (2d) 125. See *State v. Bethune,* 104 S. C. 353, 89 S. E. 153.

The present solicitor did not represent the State in the trial of this case.

Under the present circumstances, the motion of the defendant for a new trial should have been granted.

Judgment is reversed and remanded for a new trial.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.