520 P.2d 313

The STATE of Arizona ex rel. Moise BERG-
ER, Maricopa County Attorney,
Petitioner,

v.

The Honorable Renz JENNINGS, Justice of
the Peace for the East Phoenix Precinct
#1, Maricopa County, Arizona; and Roy
B. McGRAW, Real Party in Interest, Re-
spondents.

No. 11466.

Supreme Court of Arizona,
In Banc.

March 21, 1974.

Moise Berger, Maricopa County Atty.,
by Jeffrey S. Kaufman, Deputy County
Atty., Phoenix, for petitioner.

Ross P. Lee, Maricopa County Public
Defender, by Bedford Douglass, Jr., Depu-
ty Public Defender, Phoenix, for respon-
dent McGraw.

George S. Lim, Phoenix, for respondent
Jennings.

CAMERON, Vice Chief Justice.

We granted the petition for special ac-
tion of the Maricopa County Attorney to
consider an interpretation of the Rules of
Criminal Procedure 1973 presented by the
issues herein.

We are asked to consider whether a Jus-
tice of the Peace, sitting as a committing
magistrate, at the close of the preliminary

hearing, may take the matter under advisement before rendering his decision, and, if so, for how long may he keep the matter under advisement.

The facts necessary for a determination of this matter on appeal are as follows. A preliminary hearing was held in East Phoenix Precinct No. 1 of Maricopa County for the defendant and real party in interest, Roy B. McGraw, charged with a felony, to wit: driving while under the influence of intoxicating liquor while license suspended, revoked or refused. At the conclusion of the prosecution's case, including cross-examination of prosecution witnesses by the defense counsel, respondent Justice of the Peace Renz D. Jennings, took the matter under advisement, allegedly in order to determine whether the defendant's automobile license revocation for points was in violation of the due process clause of the Fourteenth Amendment of the United States Constitution. From this action by Justice of the Peace Renz D. Jennings, the County Attorney filed a petition for special action in this court.

Although this action might more properly have been brought in the Superior Court of Maricopa County, § 12–124 A.R.S. and Rule 7(a), Rules of Procedure for Special Action, 17A A.R.S., we accepted jurisdiction because of the general interest in and the application of the New Rules of Criminal Procedure 1973 recently adopted by this court.

Rule 5.3(a), Rules of Criminal Procedure 1973, reads as follows:

"The preliminary hearing shall be held before a magistrate who shall admit only such evidence as is material to the question whether probable cause exists to hold the defendant for trial. All parties shall have the right to cross-examine the witnesses testifying personally against them, and to review their previous written statements prior to such cross-examination. At the close of the prosecution's case, including cross-examination of prosecution witnesses by the defendant, the magistrate shall determine and state for the record whether the prosecution's case establishes probable cause. The defendant may then make a specific offer of proof, including the names of witnesses who would testify or produce the evidence offered. The magistrate shall allow the defendant to present the offered evidence, unless he determines that it would be insufficient to rebut the finding of probable cause."

A preliminary hearing is not a trial in an ordinary sense, and although it must comport with the requirements of due process, not all procedures for a trial have to be employed. State v. Lenahan, 12 Ariz.App. 446, 471 P.2d 748 (1970). A preliminary hearing is merely a procedure wherein the State is required to show probable cause for the courts to retain jurisdiction of the defendant and the defendant given an opportunity, if he desires, to show why there is an absence of probable cause:

"We have said that a preliminary examination is not a trial but that it is simply a course of procedure whereby a possible abuse of power may be prevented. The steps prescribed by the Rules of Criminal Procedure, 17 A.R.S., are designed to protect the rights of an accused person and insure the just and speedy hearing of criminal actions brought before a magistrate. State ex rel. Mahoney v. Stevens, 79 Ariz. 298, 288 P.2d 1077." State v. Schumacher, 97 Ariz. 354, 356, 400 P.2d 584, 585 (1965).

Because the preliminary hearing is necessarily a summary proceeding, it is not contemplated that the committing magistrate shall ask for and receive the briefs and memoranda on disputed legal points. This is for the Superior Court, on proper motion, as provided by the Rules of Criminal Procedure. The rules provide that the magistrate shall rule "at the close of the prosecution's case," and we believe that a plain reading of the entire rule means that

he must rule forthwith at the close of the prosecution's case.

■ This does not mean that a committing magistrate may not at the conclusion of all testimony presented at the preliminary hearing, exercise a court's inherent power to take a matter under advisement. The criminal rules do give him time at the conclusion of the proceeding within which to take a matter under advisement. Rule 5.6 of the Rules of Criminal Procedure 1973 reads as follows:

"Within 3 days after waiver or conclusion of the preliminary hearing, the magistrate shall transmit all papers and records in the case, together with a prescribed transmittal form, to the clerk of the Superior Court. The reporter shall file the transcript in the Superior Court no later than 20 days after the completion of the hearing."

■ We read this provision to provide that if the Justice of the Peace wishes to consider a matter briefly before holding a defendant to answer or discharging him, he may, within the three day period provided in Rule 5.6, take the matter under advisement for that purpose provided that should he hold the defendant to answer he still must transmit all papers and records together with the prescribed transmittal form to the clerk of the Superior Court within three days of the "completion of the hearing."

Inasmuch as the magistrate has failed to rule at the close of the prosecution's case, it is the order of this court that he shall, upon the receipt of the mandate in this case, "state for the record whether the prosecution's case establishes probable cause," and if there is probable cause, proceed with the preliminary hearing pursuant to the Rules of Criminal Procedure 1973 and this opinion.

HAYS, C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.