393 P.3d 138

**Philip BRAILSFORD, Petitioner,**

**v.**

**The Honorable George H. FOSTER, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent Judge,**

**State of Arizona, Real Party in Interest.**

**No. 1 CA–SA 17–0010**

Court of Appeals of Arizona, Division 1.

FILED 3/14/2017

---

Piccarreta Davis Keenan Fidel PC, Tucson, By Michael L. Piccarreta, Jefferson L. Keenan, Counsel for Petitioner

Maricopa County Attorney's Office, Phoenix, By Amanda M. Parker, Counsel for Real Party in Interest

Judge Paul J. McMurdie delivered the opinion of the Court, in which Presiding Judge Kenton D. Jones and Judge Patricia K. Norris joined.

## OPINION

McMURDIE, Judge:

¶ 1 Philip Brailsford ("Petitioner") petitions this Court for special action relief, challenging the magistrate's finding of probable cause. Petitioner argues the magistrate precluded him from presenting all witnesses related to his justification defenses, thereby denying him due process and entitling him to a new probable cause finding. We accept jurisdiction, but because matters related to a contested justification defense need not be resolved at a preliminary hearing, we deny relief.

## FACTS AND PROCEDURAL BACKGROUND

¶ 2 On January 18, 2016, Petitioner, a Mesa police officer, and several other Mesa officers responded to an emergency call from a local hotel. The caller had indicated that someone was pointing a rifle out of a fifth-floor hotel room. Upon arrival, Petitioner was assigned as a lethal coverage officer for the immediate-action team of officers who responded to the call.

¶ 3 The officers found two individuals in the hotel room—a woman and a man ("D.S.")—and told them to come out of the room. The woman came out first, followed by D.S. A police sergeant, Sergeant Langley, instructed them to lie face down on the hallway carpet, which they did. As instructed by the sergeant, the woman crawled towards the police officers. An officer grabbed her and

pulled her behind the other officers, leaving D.S. lying face down in the hallway. The sergeant instructed D.S. to get on his knees and crawl toward the officers. The sergeant warned D.S. that if he did not comply "[there was] a very severe possibility that [he was] going to get shot." As D.S. crawled toward the officers, he abruptly put his hand behind his back and, Petitioner shot and killed D.S.

¶ 4 Petitioner was charged with second-degree murder. A Maricopa County Superior Court Judge, acting as the magistrate, presided over a preliminary hearing.[1] The State offered testimony from Mesa Police Department Detective Sipe. Detective Sipe testified he responded to the 9–1–1 emergency call, reviewed the footage of the incident from the body cameras worn by Petitioner and Officer Doane, and offered his opinion regarding the tactics employed throughout.

¶ 5 The State rested and the magistrate, after reviewing the exhibits admitted into evidence including the video from the body cameras, found that there was probable cause for the charge. Petitioner proceeded with an offer of proof to rebut the magistrate's finding of probable cause. Petitioner offered to call as witnesses Sergeant Langley and Officers Doane and Jacobs of the Mesa Police Department, and Emanuel Kapelsohn, an expert in law enforcement use of force. The magistrate found the issue before him was Petitioner's state of mind, and whether Petitioner was justified in shooting D.S. The magistrate, after considering Petitioner's offer of proof, allowed Sergeant Langley to testify.

¶ 6 Sergeant Langley testified that the woman was taken into custody and "she was no longer in play." The team then focused on the man. D.S. was instructed in the same manner as the woman and told to put his hands in the air; D.S., instead, put his hands behind his back.

¶ 7 Detective Sipe testified that D.S.'s action of putting his hands behind his back appeared to be an attempt by D.S. to be

---

1. A superior court judge may properly sit as a committing magistrate for the purpose of holding a preliminary examination to determine probable cause. *Sheridan v. Super. Ct.*, 91 Ariz. 211, 213– 14, 370 P.2d 949 (1962); *Dunlap v. Super. Ct., In & For County of Maricopa*, 169 Ariz. 82, 84, 817 P.2d 27 (App. 1991).

handcuffed. Sergeant Langley disagreed with Sipe and testified that it appeared D.S. was not understanding the instructions. Langley said he told D.S. to keep his hands in the air and start crawling toward the officers. But as D.S. crawled towards the officers, he stopped and put his right hand behind his back. Langley believed that the motion was an indication that D.S. may have been drawing a weapon. Langley stated that the only reason he did not fire his weapon was because Petitioner was in his line of fire.

¶ 8 After hearing Petitioner's offer of proof and the testimony of Sergeant Langley, the magistrate found the offer of proof and evidence was insufficient to rebut the finding of probable cause.

¶ 9 Petitioner filed a motion for a new finding of probable cause pursuant to Arizona Rule of Criminal Procedure 5.5 [2] in the superior court, arguing he was denied due process when the magistrate refused to hear all of the proffered evidence and refused to consider his justification defenses. Furthermore, Petitioner argued no credible evidence of guilt was adduced. The superior court denied the motion and Petitioner filed this petition for special action.

## JURISDICTION AND STANDARD OF REVIEW

¶ 10 We have discretion to accept special action jurisdiction and do so "when statutes or procedural rules require immediate interpretation," *Escalanti v. Super. Ct.*, 165 Ariz. 385, 386, 799 P.2d 5 (App. 1990), and when a petition "present[s] a purely legal issue of first impression that is of statewide importance," *State ex rel. Thomas v. Duncan*, 216 Ariz. 260, 262, ¶ 5, 165 P.3d 238 (App. 2007). *See* Ariz. R.P. Spec. Act. 8(a).

¶ 11 This petition raises an issue regarding the way a magistrate is to consider justification defenses presented in a preliminary hearing, specifically self-defense by a police officer. *See* A.R.S. §§ 13–409 and –410. A challenge to procedures used to establish probable cause "has no equally plain, speedy, or adequate remedy by appeal." *Chronis v.*

*Steinle*, 220 Ariz. 559, 560, ¶¶ 3–4, 208 P.3d 210, 211 (2009) (probable cause for aggravating circumstances in capital prosecution); *State ex rel. Berger v. Justice Ct. of Ne. Phoenix Precinct, Maricopa County*, 112 Ariz. 24, 25, 536 P.2d 1042, 1043 (1975) (state's challenge to magistrate order allowing discovery at a preliminary hearing). Generally, errors at a preliminary hearing must be remedied before trial; "[o]nce [the] trial is over and properly completed, a 'nonjurisdictional' error at a preliminary hearing is lost." *State v. Lenahan*, 12 Ariz.App. 446, 449, 471 P.2d 748 (1970), *overruled on other grounds by State v. Sample*, 107 Ariz. 407, 410, 489 P.2d 44, 47 (1971), *disapproved of on other grounds by Mincey v. Arizona*, 437 U.S. 385, 403, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978); *State v. Neese*, 126 Ariz. 499, 502, 616 P.2d 959 (App. 1980) (preliminary hearings are to determine the existence of probable cause to believe the individual committed an offense; once a jury determines guilt beyond a reasonable doubt in a full-scale trial, the question of probable cause is moot).

¶ 12 Thus, in the exercise of our discretion, we accept special action jurisdiction. "In reviewing a trial judge's order within the context of a special action, ordinarily we must find the judge abused his discretion or exceeded his jurisdiction or legal authority before we may grant relief." *Francis v. Sanders*, 222 Ariz. 423, 426, ¶ 10, 215 P.3d 397, 400 (2009) (quotation omitted); *see also* Ariz. R.P. Spec. Act. 3. In reviewing the merits of a magistrate's decision, however, we determine *de novo* whether the court committed an error of law or whether the record lacks substantial support for the decision rendered. *See Files v. Bernal*, 200 Ariz. 64, 65, ¶ 2, 22 P.3d 57 (App. 2001). The magistrate in a preliminary hearing rules upon the admissibility of the evidence. *Zarate v. Jennings*, 17 Ariz.App. 401, 406, 498 P.2d 475 (1972). This court has jurisdiction pursuant to A.R.S. § 12–120.21(A)(4).

## DISCUSSION

¶ 13 The purpose of the preliminary

---

2. Unless otherwise noted in the text, we cite to the current version of applicable statutes or rules

when no revision material to this case has occurred.

hearing [3] is not to conduct a trial on the merits, but to "determine whether a public offense has been committed and whether there is sufficient cause to believe that the accused committed it." *State v. Altman*, 107 Ariz. 93, 95, 482 P.2d 460, 462 (1971).

### A. Petitioner Was Afforded a Fair and Complete Preliminary Hearing.

¶ 14 Petitioner argues he was denied due process when the magistrate both refused to allow all of his proffered witnesses to testify, and also failed to consider his justification defenses.[4] As a result, Petitioner claims he was denied a fair and complete preliminary hearing.

¶ 15 "A preliminary hearing is not a trial in an ordinary sense, and although it must comport with the requirements of due process, not all procedures for a trial have to be employed." *State ex rel. Berger v. Jennings*, 110 Ariz. 441, 442, 520 P.2d 313, 314 (1974). Unlike a trial, the purpose of the preliminary hearing is to determine whether probable cause exists to cause the accused to answer for the charge and for the courts to retain jurisdiction over the accused. *Id.* at 441, 520 P.2d at 313.

¶ 16 To comport with due process, by rule a magistrate should conduct a preliminary hearing as follows:

The preliminary hearing shall be held before a magistrate who shall admit only such evidence as is material to the question whether probable cause exists to hold the defendant for trial. All parties shall have the right to cross-examine the witnesses testifying personally against them, and to review their previous written statements prior to such cross-examination. At the close of the prosecution's case, including cross-examination of prosecution witnesses by the defendant, the magistrate shall determine and state for the record

whether the prosecution's case establishes probable cause. The defendant may then make a specific offer of proof, including the names of witnesses who would testify or produce the evidence offered. The magistrate shall allow the defendant to present the offered evidence, unless the magistrate determines that it would be insufficient to rebut the finding of probable cause.

Ariz.R.Crim.P. 5.3. Before the adoption of Rule 5.3, the rule regarding the presentation of evidence at a preliminary hearing mandated that a criminal defendant be allowed to present defense witnesses.

After the defendant has made a statement or waived his right to do so, he may, if he desires, be sworn and testify in his own behalf. Whether or not the defendant testifies, any witnesses produced by him shall be sworn and examined.

Ariz.R.Crim.P. 26 (1956); *accord State v. Essman*, 98 Ariz. 228, 231–32, 403 P.2d 540 (1965) (due process requires magistrate to allow defendant to present witnesses at a preliminary hearing) *superseded by rule*, Ariz. R. Crim. P. 5.3 cmt. (1973) ("This provision overrules *State v. Essman*, . . . and limits the 1956 Ariz. Rules of Criminal Procedure, Rule 26.") (citation omitted).

¶ 17 Under Rule 5.3, once the State has concluded its presentation of evidence, the magistrate is then obligated to state on the record whether the State has met its burden of establishing probable cause that a crime has been committed, and it is defendant who has committed it. If the magistrate finds probable cause, then the criminal defendant may make an offer of proof identifying witnesses and evidence the defendant wants to present. Whether to allow such evidence to be presented is within the discretion of the magistrate, given the issues in-

---

**3.** We are mindful that a preliminary hearing is a constitutional right in our state.

No person shall be prosecuted criminally in any court of record for felony or misdemeanor, otherwise than by information or indictment; no person shall be prosecuted for felony by information without having had a preliminary examination before a magistrate or having waived such preliminary examination.

Ariz. Const. art. 2, § 30.

**4.** Petitioner asserted justification defenses under the following statutes: A.R.S. §§ 13–405(A)(2) (use of deadly physical force), –406 (defense of a third person), –410(C) (use of deadly physical force in law enforcement), and –411(A) and (C) (use of force in crime prevention).

volved in the case and the type of evidence being offered.[5]

¶ 18 In this case, at the preliminary hearing, the parties did not dispute that Petitioner shot and killed D.S. The State called Detective Sipe to testify. Sipe testified he reviewed the footage of the body cameras, and concluded that portions of the video reveal that D.S. did not pose a threat. Sipe also interviewed various officers present at the incident, who stated they did not feel threatened; in fact, one officer put away his handgun in favor of a Taser. The video reveals D.S. did not reach in his pockets or verbally threaten the officers. Sipe also testified the techniques implemented during the investigation were not techniques he was familiar with, and alternative means of arrest were available that did not include lethal force. Petitioner's counsel was afforded the opportunity to cross-examine Sipe, and did so.

¶ 19 As noted above, after the magistrate found probable cause, Petitioner made an offer of proof and the magistrate allowed Sergeant Langley to testify, but disallowed Petitioner's other three witnesses. The magistrate, in his discretion under Rule 5.3, limited Petitioner's evidence, and therein lies Petitioner's argument that he was not afforded due process. We disagree.

■■■ ¶ 20 According to the offer of proof, Petitioner's witnesses would have testified that the incident was a high-risk incident, that Petitioner's lethal force was reasonable and justified, and that training tactics would perceive D.S.'s movement as a deadly threat. In fact, much of the testimony Petitioner sought to offer was already provided by Sergeant Langley, and through the cross-examination of Detective Sipe. Langley testified he perceived a threat from D.S., elaborated as to D.S.'s movement, and testified to officer training and use of lethal force. Because much of this testimony was already offered through Langley, the magistrate did not abuse his discretion in limiting Petitioner's evidence

to one witness and finding it to be cumulative to the finding of probable cause. The magistrate need not determine ultimate guilt or innocence, only whether there is probable cause to believe Petitioner is guilty of the offense charged. *See Application of Williams*, 85 Ariz. 109, 118, 333 P.2d 280 (1958).

■■■ ¶ 21 Upon review of the transcripts and exhibits from the preliminary hearing including the videos of the incident, Petitioner was provided a fair opportunity to present his case. *See State v. Stefanik*, 106 Ariz. 466, 468, 478 P.2d 90, 92 (1970). Petitioner was represented by counsel and was permitted, within the magistrate's discretion, to present Sergeant Langley's testimony to refute the finding of probable cause. The magistrate found the testimony did not rebut the finding of probable cause, and found any other testimony to be offered by Officers Doane and Jacobs, and defense expert Kapelsohn, would be cumulative. In reviewing the record *de novo*, we find that the record supports the decision rendered.

## B. The Ultimate Question of Guilt or Innocence Is Not Decided at a Preliminary Hearing.

¶ 22 Petitioner also argues that the magistrate did not give sufficient credence to his justification defenses, thereby applying an incorrect legal standard in determining probable cause. Petitioner supports his argument that he was denied due process of law by citing *Crimmins v. Super. Ct., In & For Maricopa County*, 137 Ariz. 39, 43, 668 P.2d 882, 886 (1983); and *Korzep v. Super. Ct., In & For County of Yuma*, 172 Ariz. 534, 539, 838 P.2d 1295 (App. 1991). These cases are inapposite here.

¶ 23 In *Crimmins*, our supreme court granted special action relief and remanded for a new determination of probable cause because the prosecution did not adequately inform the grand jury of the facts and law, and did not properly instruct as to defen-

---

**5.** Arizona's preliminary hearing provision conditioning the defense presentation of witnesses upon the approval of the magistrate is consistent with procedures adopted in other states. *See, e.g.,* Cal. Penal Code § 866; Conn. Gen. Stat. Ann.

§ 54–46a; N.Y. Crim. Proc. Law § 180.60 (judicial permission extends only to witnesses other than the defendant, as the defendant may testify "as a matter of right").

84

dant's possible statutory defenses. *Crimmins*, 137 Ariz. at 43, 668 P.2d at 886. In *Korzep*, the court remanded for a new probable cause determination for the grand jury to consider a more favorable interpretation of justification in A.R.S. § 13–411. 172 Ariz. at 539, 838 P.2d 1295. While a grand jury proceeding and a preliminary hearing are similar in objective, they differ in form. *See State v. Bojorquez*, 111 Ariz. 549, 553, 535 P.2d 6, 10 (1975). These cases do not inform our resolution of whether the magistrate in this case properly considered Petitioner's defenses.

■■■■■ ¶ 24 "A magistrate conducting a preliminary hearing should be mindful that his duty is not [to] determine the ultimate guilt or innocence of a defendant, … but only to determine whether there is probable cause to believe defendant guilty of the offense charged, and leave to the trial tribunal the final determination of the application of the law to the facts." *Williams*, 85 Ariz. at 117–18, 333 P.2d 280. The State must set forth proof of a crime and that someone is responsible for that crime; "the evidence need not be of the quantum of proof beyond a reasonable doubt." *State v. Jones ex rel. County of Maricopa*, 198 Ariz. 18, 22, ¶ 12, 6 P.3d 323 (App. 2000). "The issue of innocence or guilt is not before the magistrate. That function is constitutionally placed elsewhere. The full and complete exploration of all facets of the case is reserved for trial and is not

the function of a preliminary examination." *Altman*, 107 Ariz. at 95, 482 P.2d at 462.

¶ 25 In *Altman*, the defendant argued he was denied an adequate preliminary hearing because the magistrate did not allow him to develop his defense of entrapment during cross-examination of the State's witness. Our supreme court rejected this argument, holding entrapment is an affirmative defense to be resolved at trial. 107 Ariz. at 95, 482 P.2d at 462. The *Altman* court relied on *Marcum v. Sheriff, Clark County*, 85 Nev. 175, 177, 451 P.2d 845 (1969), which held the affirmative defense of entrapment is to be resolved at trial. *See also People v. Moore*, 180 Mich. App. 301,446 N.W.2d 834, 837 (1989) (entrapment defense may not be raised at preliminary hearing).[6]

■■■■■ ¶ 26 Arizona's legislature has enacted several affirmative defenses that require a criminal defendant to convince a jury, by a preponderance of the evidence, the criminal conduct was otherwise excused.[7] *See, e.g.*, A.R.S. § 13–206 (Entrapment). Under *Altman*, a magistrate can properly exclude evidence and argument from a preliminary hearing regarding such affirmative defenses as such defenses are to be raised at trial. 107 Ariz. at 95, 482 P.2d at 462. Petitioner argues he did not raise any affirmative defenses in this case, and argues non-affirmative defenses can be raised at a preliminary hearing.[8] While we

6. The importance of the holding in *Altman* is heightened by the fact that at the time of the decision the rules of criminal procedure mandated that criminal defendants could present evidence on their behalf at a preliminary hearing. *See* ¶ 16. Nonetheless, the supreme court held that the defendant was not entitled to elicit his affirmative defense through cross examination. 107 Ariz. at 95, 482 P.2d at 462.

7. The Legislature has set the burden of proof for affirmative defenses as follows:
    Except as otherwise provided by law, a defendant shall prove any affirmative defense raised by a preponderance of the evidence. Justification defenses under chapter 4 of this title are not affirmative defenses. Justification defenses describe conduct that, if not justified, would constitute an offense but, if justified, does not constitute criminal or wrongful conduct. If evidence of justification pursuant to chapter 4 of this title is presented by the defendant, the state must prove beyond a reasonable doubt

that the defendant did not act with justification.
    A.R.S. § 13–205.

8. The Legislature has defined what is and is not an affirmative defense.
    B. For the purposes of this section, "affirmative defense" means a defense that is offered and that attempts to excuse the criminal actions of the accused or another person for whose actions the accused may be deemed to be accountable. **Affirmative defense does not include any justification defense pursuant to chapter 4 of this title or any defense that either denies an element of the offense charged or denies responsibility, including alibi, misidentification or lack of intent.**
    A.R.S. § 13–103(B) (emphasis added); *see also State v. Bayardi*, 230 Ariz. 195, 199, ¶¶ 13–21, 281 P.3d 1063 (App. 2012) (discussing distinction between affirmative defenses, justifications and defenses that deny an element of the charge).

recognize Petitioner's defense is not an affirmative defense, and can be raised in a preliminary hearing, we disagree that error occurred in this case.

 ¶ 27 As noted above, the purpose of the preliminary hearing is for the State to produce competent evidence to convince the magistrate that a trial should be held; resolution of non-affirmative defenses is premature at the preliminary hearing stage if the evidence is controverted. *See State v. Fuchs*, 78 Nev. 63, 368 P.2d 869, 871 (1962) (exculpatory statement by criminal defendant that she was justified in killing her husband in order to protect her three-year-old son was left for the trier of fact to consider at trial); *State v. Jones*, 233 Kan. 170, 660 P.2d 965, 969–70 (1983) (magistrate does not resolve issues of self-defense at a preliminary hearing, "[w]here there is a conflict in testimony, a question of facts exists for the jury, and the magistrate must draw the inference favorable to the prosecution"); *People v. Medley*, 339 Mich. 486, 64 N.W.2d 708 (1954) (magistrate does not resolve self-defense claim at preliminary hearing when evidence is in conflict). Therefore, a magistrate is required to consider a defendant's justification defense but does not resolve the ultimate question if the evidence is in conflict, as that resolution is left to the jury.

¶ 28 The magistrate did not err in this case. The magistrate stated on the record that he considered Petitioner's justification defense but nonetheless found there was insufficient evidence to rebut the probable cause determination. Because the evidence was in conflict whether Petitioner was justified, the proper place to resolve the issue is at a jury trial.

### CONCLUSION

¶ 29 Because we find Petitioner was not denied a procedural right at his preliminary hearing, and credible evidence of guilt without justification was adduced, neither the magistrate nor the superior court erred by limiting Petitioner's evidence and denying Petitioner's motion for a new probable cause determination. Accordingly, we accept jurisdiction of the petition for special action, but deny relief.