IN THE

# ARIZONA COURT OF APPEALS
DIVISION TWO

---

KEVIN WILLIAM HOLLAND,
*Petitioner*,

*v.*

STATE OF ARIZONA,
*Respondent*.

No. 2 CA-SA 2025-0042
Filed July 28, 2025

---

Special Action Proceeding
Pima Cause No. CR20214685001
The Honorable Howard Fell, Judge Pro Tempore

**JURISDICTION ACCEPTED; RELIEF GRANTED**

---

COUNSEL

Natasha Wrae, Tucson
*Counsel for Petitioner*

and

Law Office of Michael W. Storie PC, Tucson
Michael W. Storie
*Counsel for Petitioner*

Laura Conover, Pima County Attorney
By Rachel Stiles, Deputy County Attorney, Tucson
*Counsel for Respondent*

**OPINION**

Judge Sklar authored the opinion of the Court, in which Presiding Judge Eckerstrom and Judge Vásquez concurred.

S K L A R, Judge:

**¶1**    In this special-action proceeding, petitioner Kevin Holland challenges the superior court's denial of his motion to dismiss a criminal information as prematurely filed. The information, which charges him with second-degree murder, was filed before the magistrate found probable cause. It was never re-filed or amended. Holland argues that this renders it untimely under Rule 13.2 of the Arizona Rules of Criminal Procedure. That rule requires the state to file an information "no later than 10 days after a magistrate finds probable cause or the defendant waives a preliminary hearing." We agree with Holland. This language requires the state to file an information after a defendant receives or waives a preliminary hearing. We therefore accept special-action jurisdiction and grant relief.

**BACKGROUND**

**¶2**    In November 2021, Holland shot and killed A.L. inside Holland's home. Immediately afterward, Holland called 9-1-1 and reported he had killed an intruder. In December 2021, a grand jury indicted Holland on a single count of second-degree murder. The superior court granted Holland's motion for a redetermination of probable cause, concluding that the state had failed to present exculpatory information and had failed to inform the grand jury of the available justification defenses. In October 2023, a second grand jury indicted Holland on one count of second-degree murder. The court again granted Holland's motion for redetermination of probable cause due to "cumulative effects of defects in the presentation to the Grand Jury."

**¶3**    Afterward, on agreement by the parties, the superior court set the matter for a preliminary hearing. In June 2024, the state filed an information alleging that Holland had committed second-degree murder. In November 2024, a magistrate judge held a preliminary hearing, found probable cause, and referred the case to the superior court.

**¶4**    Holland moved to dismiss under Rules 13.2 and 16.4(b) of the Arizona Rules of Criminal Procedure. He argued that the state's premature

filing of the information before the preliminary hearing was equivalent to the state having never filed an information. He also argued the premature information was "facially deficient" because it incorrectly recited that the grand jurors, rather than the state, made the accusation. The superior court denied his motion. This petition for special action followed.

## SPECIAL-ACTION JURISDICTION

**¶5** Special-action jurisdiction is highly discretionary and is appropriate when a party has no "equally plain, speedy, and adequate" remedy by appeal. Ariz. R. P. Spec. Act. 2(b)(2); *see also White v. State*, ___ Ariz. ___, ¶ 5, 565 P.3d 1062, 1064 (App. 2025). In determining whether to accept special-action jurisdiction, we consider whether, as here, a petitioner asks us to resolve questions "of first impression" that raise legal issues of "statewide importance," the "resolution of which will materially advance the efficient management of the case." Ariz. R. P. Spec. Act. 12(b)(3), (4), (7).

**¶6** Holland's argument that a prematurely filed information is untimely under Rule 13.2 is a purely legal issue. It has not been squarely addressed by our prior cases, and it may recur. Special-action jurisdiction is therefore appropriate. *See* Ariz. R. P. Spec. Act. 12(b)(3)–(4). Additionally, resolution through special-action jurisdiction promotes efficient case management by avoiding a trial that might later be subject to challenge on the basis of improper charging documents. For these reasons, we exercise our discretion and accept special-action jurisdiction. *See* Ariz. R. P. Spec. Act. 12(a).

## UNTIMELY INFORMATION

**¶7** Holland first argues that the information is untimely because the state filed it before—not after—the magistrate found probable cause at the preliminary hearing. The state, however, contends that it complied with Rule 13.2 by filing the information before the deadline, even though that filing preceded the preliminary hearing. We review issues of law, including the interpretation of procedural rules, de novo. *See Fragoso v. Fell*, 210 Ariz. 427, ¶ 7 (App. 2005). We interpret procedural rules using the principles of statutory construction. *State v. Greene*, 255 Ariz. 37, ¶ 76 (2023). These principles require us to begin with the text, interpreting it in context and applying it if the language is "clear and unambiguous" and absent an absurdity or a resulting constitutional violation. *State v. Serrato*, ___ Ariz. ___, ¶ 9, 568 P.3d 756, 759 (2025).

¶8        Article II, § 30 of the Arizona Constitution provides: "No person shall be prosecuted criminally . . . otherwise than by information or indictment," and "no person shall be prosecuted for felony by information without having had a preliminary examination before a magistrate or having waived" such examination. In furtherance of that provision, Rule 13.2 directs: "The [s]tate must file an information in superior court no later than 10 days after a magistrate finds probable cause or the defendant waives a preliminary hearing. If the [s]tate fails to file a timely information, a court must dismiss the information if," as here, "the defendant files a motion seeking that relief under Rule 16.1(b)."

¶9        In addressing the application of Rule 13.2 here, we look first to the rule's text in context, which controls. *See Serrato*, ___ Ariz. ___, ¶ 9, 568 P.3d at 759. By the rule's plain language, an information filed before a magistrate finds probable cause does not satisfy the rule's directive that an information must be filed "no later than 10 days *after* a magistrate finds probable cause or the defendant waives a preliminary hearing." Ariz. R. Crim. P. 13.2 (emphasis added). And, as our supreme court explained in considering the precursor to Rule 13.2, "If the court finds probable cause (or if the defendant waives the preliminary examination), the state is required to file an information within the next ten days." *State v. Maldonado*, 223 Ariz. 309, ¶ 7 (2010).

¶10        The context of Rule 13.2 also defeats the state's argument. An "information" is "a written statement charging the defendant with the commission of a public offense," which the state must sign and present to the court. Ariz. R. Crim. P. 13.1(c). An information is an alternative procedure to an indictment, which is defined by Rule 13.1(b) and governed by A.R.S. § 21-413. That rule defines an "indictment" as "a written statement charging the defendant with the commission of a public offense," which a grand jury must endorse, sign, and present to the court. Ariz. R. Crim. P. 13.1(b). Rule 13.2's preliminary-hearing prerequisite to filing an information is analogous to the procedure set forth in A.R.S. §§ 21-413 and 415, which requires a grand jury to find probable cause before presenting an indictment to the court. Just as the grand jury must find probable cause before it returns an indictment, a magistrate must find probable cause before the state may file an information. *Compare* A.R.S. § 21-413, *with* Ariz. Const. art. II, § 30 (providing that state may not prosecute defendant for felony via information "without having had" preliminary hearing unless defendant waives his right to that hearing), *and Brailsford v. Foster*, 242 Ariz. 77, ¶ 15 (App. 2017) (explaining that preliminary hearing's purpose is to make probable-cause determination).

**¶11** Although we do not believe Rule 13.2 is ambiguous, our analysis is reinforced by a relevant tool that we use to construe ambiguous language. Specifically, we may look to "the rule's historical background." *See Planned Parenthood Ariz., Inc. v. Mayes*, 257 Ariz. 137, ¶ 17 (2024). Here, Rule 13.2 is derived from earlier forms of Rules 79 and 80. Rule 79 stated: "No information may be filed against any person for any offense which may be punished by . . . imprisonment in the state prison *until* such person has or waives a preliminary examination." (Emphasis added.) Rule 80 provided that "[w]hen a defendant has been held to answer at a preliminary examination, . . . the county attorney shall within thirty days file an information charging" the defendant with the offense set forth after that hearing.

**¶12** Cases applying Rules 79 and 80 support Holland's argument that the information must be filed after the preliminary hearing. *See, e.g., State v. Branham*, 4 Ariz. App. 185, 188 (App. 1966) (requiring prosecutor to file information within thirty days after preliminary hearing intended "to protect the defendant's constitutional guarantee of a preliminary examination *before* felony prosecution by information, unless such right has been waived" (emphasis added)). Similarly, after the rule was renumbered and amended, first as Rule 13.1(c) and then as Rule 13.2, courts continued to interpret it as requiring a preliminary hearing to precede the filing of an information. *See, e.g., State v. Meeker*, 143 Ariz. 256, 265 (1984) ("Either indictment by a grand jury or information *after* a preliminary hearing is a constitutionally proper method of bringing an accused felon to trial."); *State v. Medina*, 190 Ariz. 418, n.2 (App. 1997) ("An information must be preceded by the filing of a complaint and a finding of probable cause."); *see also* Ariz. Sup. Ct. Order R-17-0002 (Aug. 31, 2017) (replacing former Rule 13.1(c) with current Rule 13.2).

**¶13** The state, however, points to a 2018 change in the rule's language. Prior to that change, the rule required that an information be filed "within 10 days after" the determination of probable cause. *See* Ariz. Sup. Ct. Order R-10-0003 (Sept. 2, 2010). After the change, it reads "no later than 10 days after" that finding. Ariz. R. Crim. P. 13.2; *see also* Ariz. Sup. Ct. Order R-17-0002 (Aug. 31, 2017). In the state's view, the change from "within" to "no later than" suggests an intention to remove any restriction that an information must be filed after a magistrate's probable-cause finding.

**¶14** The comments accompanying that amendment undermine the state's argument. *See Planned Parenthood*, 257 Ariz. 137, ¶ 16 ("We also may consider a statement of legislative intent, including a construction

provision, in discerning the meaning of a statute."). Those comments note that, rather than substantively altering the timeframe for filing an information, the changes to Rule 13.2 were organizational and stylistic. *See* Task Force on the Arizona Rules of Criminal Procedure, Appendix B (Jan. 2017) (amendment adopted by Ariz. Sup. Ct. Order R-17-0002 (Aug. 31, 2017)). Thus, the case law interpreting the pre-2018 rule continues to guide our analysis.

¶15 For these reasons, we conclude that the state's premature filing of the information in this matter renders it ineffective. Holland filed a motion to dismiss the prosecution, as required by Rule 16.4(b). Under that rule, the superior court was required to dismiss the information without prejudice. Ariz. R. Crim. P. 16.4(b), (d) ("On a defendant's motion, the court must order a prosecution's dismissal if it finds that the . . . information . . . is insufficient as a matter of law."). An absent or ineffective information is insufficient as a matter of law. *See* Ariz. R. Crim. P. 16.4(b). Thus, the court erred by failing to dismiss the information upon Holland's Rule 16.4(b) motion. Because we grant relief on this basis, we do not address Holland's argument that it was also insufficient because it refers to the grand jury rather than the Pima County Attorney.

## SUBJECT-MATTER JURISDICTION

¶16 Holland also argues that an insufficient or untimely information divests the superior court of subject-matter jurisdiction to proceed. But our supreme court rejected this argument in *Maldonado*, when it explained that even a complete failure to file an information before trial does "not deprive the superior court of subject matter jurisdiction." 223 Ariz. 309, ¶¶ 1, 13. *Maldonado* instructs that a superior court's subject-matter jurisdiction over criminal matters is governed by article VI, § 14(4) of our state constitution rather than by article II, § 30. *Maldonado*, 223 Ariz. 309, ¶¶ 20-21. This is a criminal case involving a felony offense—second-degree murder. *See* A.R.S. § 13-1104(C). This is enough to confer subject-matter jurisdiction on the superior court, regardless of any defect in the state's information. *See* Ariz. Const. art. VI, § 14(4); *Maldonado*, 223 Ariz. 309, ¶ 20.

## DISPOSITION

¶17 We therefore accept special-action jurisdiction, reverse the superior court's denial of Holland's motion to dismiss, and remand for the court to dismiss the information without prejudice.