NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

VALENTINO HILL, *Petitioner*,

*v.*

STATE OF ARIZONA, *Respondent*.

No. 1 CA-SA 25-0174

FILED 08-12-2025

Petition for Special Action from the Superior Court in Maricopa County
No. CR2024-108832-001
The Honorable Suzanne Nicholls, Judge

**JURISDICTION ACCEPTED; RELIEF DENIED**

COUNSEL

Maricopa County Public Defender's Office, Phoenix
By Zachary Stern
*Counsel for Petitioner*

Maricopa County Attorney's Office, Phoenix
By Johnny Jacquez
*Counsel for Respondent*

_____

**MEMORANDUM DECISION**

Presiding Judge Paul J. McMurdie delivered the Court's decision, in which Judge Samuel A. Thumma and Judge Kent E. Cattani joined.

_____

**M c M U R D I E**, Judge:

¶1      The defendant, Valentino Hill, seeks special-action relief from the superior court's finding of probable cause at a preliminary hearing. We accept jurisdiction but deny relief.

## FACTS AND PROCEDURAL BACKGROUND

¶2      One night in January 2022, Daniel Drake (a pseudonym) drove with Hill to an apartment complex so that Drake could buy drugs. Drake parked his truck in the complex's lot and remained in the driver's seat while Hill, a repeat visitor to the complex, got out and talked to multiple people. Then, while Hill was standing at the truck's passenger door, another man ("shooter") came to that door and fatally shot Drake through the window.

¶3      Hill and the shooter fled in opposite directions. They then met each other on another side of the complex, briefly talked, and entered an apartment together. They later left the apartment together, got into the same car, and drove away.

¶4      Law enforcement officers questioned Hill about the shooting multiple times. Hill gave inconsistent statements about whether he knew people at the complex, and he provided only a vague height-and-build description of the shooter. He said he did not know the shooter and did not know that the person he was with after the event was the shooter. He failed to identify the shooter in surveillance-video stills and a photo lineup. Several times, including right before he was shown a lineup, he told law enforcement he was concerned for his and his family's safety. He also claimed he was drunk at the time of the shooting, although no other evidence supported his claim.

¶5      The State charged Hill with first-degree hindering prosecution, a Class 3 felony, under Arizona Revised Statutes ("A.R.S.") §§ 13-2512 and -2510(6). Those statutes together provide that a person is guilty of the offense "if, with the intent to hinder the apprehension,

prosecution, conviction or punishment of another for any felony" that he or she "knows or has reason to know . . . involves . . . murder," he or she "renders assistance to the other person" by "[c]oncealing the identity of the other person." A.R.S. §§ 13-2512, -2510(6). After considering the evidence at a preliminary hearing, the superior court found probable cause for the charge and affirmed the case for trial.

¶6          Hill seeks relief through special action, arguing that the court misinterpreted what constitutes "[c]oncealing the identity" of another and that the evidence could not support the probable-cause determination.

## JURISDICTION AND STANDARD OF REVIEW

¶7          "Generally, errors at a preliminary hearing must be remedied before trial; once the trial is over and properly completed, a nonjurisdictional error at a preliminary hearing is lost." *Brailsford v. Foster*, 242 Ariz. 77, 81, ¶ 11 (App. 2017) (quotation omitted). Because Hill has no adequate remedy by appeal, we accept special-action jurisdiction. *See* Ariz. R.P. Spec. Act. 12(a). We determine whether the superior court exceeded its authority or discretion by reviewing *de novo* whether it committed a legal error or acted on insufficient evidence. *Brailsford*, 242 Ariz. at 81, ¶ 12.

## DISCUSSION

### A.  The Superior Court Correctly Applied the Law.

¶8          We first address Hill's argument that the superior court misconstrued what constitutes concealing the identity of another for purposes of A.R.S. §§ 13-2512 and -2510(6). We hold that the court correctly applied the law.

¶9          Hill argues that to conceal another's identity, a person must affirmatively act, not "simply be present for a crime and not provide the police with the criminal's name" or "be[] unable to identify [the criminal] in a photo array." We agree that there can be no criminal liability for merely witnessing a crime and then being unable to identify the perpetrator. *See State v. Noriega*, 187 Ariz. 282, 284 (App. 1996) (Mere presence at a crime scene does not establish guilt.); *see also* A.R.S. §§ 13-2512, -2510(6) (Hindering prosecution requires intentional concealment of another's identity.). But when a bystander deliberately misleads law enforcement about his or her knowledge of the perpetrator's identity, that constitutes intentional conduct, creating liability. *See* A.R.S. §§ 13-2512, -2510(6).

¶10　　　　Hill relies on *In re Victoria K.*, 198 Ariz. 527 (App. 2000), to argue that hindering prosecution cannot be based on communications to law enforcement. But *Victoria K.* merely recognized that because some forms of hindering prosecution are based on non-communicative acts, such as hiding a person or evidence, false reporting is not a lesser-included offense of hindering prosecution. *Id.* at 529-30, ¶¶ 9-12. Hill's reliance on *State v. Winkler*, 176 Ariz. 212 (App. 1993), is also misplaced. *Winkler* addressed what conduct may constitute hindering prosecution, merely noting that "concealing knowledge of a crime" is not the only variety of the offense. *See id.* at 214.

¶11　　　　We reject Hill's argument that under A.R.S. § 13-201, a defendant can only be culpable for omitting information if he or she is violating a disclosure duty. Section 13-201 provides that criminal liability may be based on either an omission in contravention of a duty *or* "a voluntary act." A crime witness's intentional failure to truthfully respond to law enforcement's inquiries is a "voluntary act" under the statute.

¶12　　　　We hold that lying to law enforcement about another's identity, including lying by omission, may establish criminal liability for hindering prosecution.

## B.  The Superior Court Correctly Found Probable Cause.

¶13　　　　Hill next contends that the superior court acted on insufficient evidence. We disagree.

¶14　　　　The purpose of the preliminary hearing is to permit the court to determine whether a trial should be held. *Brailsford*, 242 Ariz. at 85, ¶ 27. As a result, the State's burden at the preliminary hearing is to show probable cause that the defendant committed the charged offense. *Id.* at 82, ¶¶ 15, 17; *see also* Ariz. R. Crim. P. 5.3. The inquiry is whether "the proof is sufficient to cause a person of ordinary caution or prudence conscientiously to entertain a reasonable suspicion that a public offense has been committed in which the accused participated." *Drury v. Burr*, 107 Ariz. 124, 125 (1971). The resolution of defenses, as well as the ultimate determination of innocence or guilt, is not at issue. *Brailsford*, 242 Ariz. at 84-85, ¶¶ 24, 26-27.

¶15　　　　Here, the State's evidence supported probable cause that Hill committed hindering prosecution as charged. The evidence showed that Hill and the shooter both frequented the apartment complex where the shooting occurred, Hill witnessed the shooting at very close range, and Hill later met up with the shooter and left the scene with him. The evidence also showed that Hill's claimed intoxication was unsupported, and he

repeatedly expressed fear for his and his family's safety when questioned about the shooting. Based on the evidence, a person could reasonably believe that Hill knew the shooter's identity and, motivated by fear, deliberately concealed his knowledge when questioned by law enforcement. The superior court correctly affirmed the case for trial.

## CONCLUSION

¶16       We accept jurisdiction but deny relief.

