NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

SAMUEL MARIO VASQUEZ, *Petitioner*.

No. 1 CA-CR 25-0121 PRPC

FILED 09-25-2025

Petition for Review from the Superior Court in Maricopa County
No. CR2012-007305-001
The Honorable Joseph C. Kreamer, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Robert E. Prather
*Counsel for Respondent*

The Stavris Law Firm, PLLC, Scottsdale
By Christopher Stavris
*Counsel for Petitioner*

_____

**MEMORANDUM DECISION**

Chief Judge Randall M. Howe delivered the decision of the Court, in which
Acting Presiding Judge Daniel J. Kiley and Judge Brian Y. Furuya joined.

_____

**H O W E**, Judge:

**¶1**        Samuel Vasquez petitions for review from the superior
court's dismissal of his petition for post-conviction relief. For the following
reasons, we grant review but deny relief.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**        Vasquez was first indicted in 2012 for second-degree murder
and misconduct involving weapons. Just over a month later, he was
reindicted on first-degree murder, aggravated assault, and misconduct
involving weapons charges. A jury found him guilty of all three charges
included in his second indictment. The court sentenced him to concurrent
sentences of life imprisonment without the possibility of parole for the
first-degree murder conviction, twenty years' imprisonment for the
aggravated assault, and ten years' imprisonment for the misconduct
involving weapons.

**¶3**        Vasquez appealed, arguing that the superior court violated
various rules of evidence and infringed on his confrontation rights. *State v.
Vasquez*, 1 CA-CR 14-0388, 2015 WL 5566204, at *1–2 ¶¶ 5, 8 (Ariz. App.
Sept. 22, 2015) (mem. decision); *see also* U.S. Const. amend. VI ("In all
criminal prosecutions, the accused shall enjoy the right . . . to be confronted
with the witnesses against him."). Rejecting his claims, this Court affirmed
his convictions and sentences. *Vasquez*, 1 CA-CR 14-0388, at *3 ¶ 11.

**¶4**        After various extensions, Vasquez petitioned for
post-conviction relief alleging ineffective assistance of trial and appellate
counsel and that the prosecutor violated his confrontation rights in closing
argument. The court ruled that his confrontation clause argument was
precluded by his direct appeal. Regarding most of the ineffective assistance
of trial counsel claims, the court found that "sound" reasons supported
counsel's decisions and that any potential error in challenging "the grand
jury proceedings was rendered harmless by [Vasquez's] conviction at trial."
The court also ruled that Vasquez failed to show appellate counsel erred, or

that any potential error prejudiced him. The court granted an evidentiary hearing as to one issue, whether "trial counsel was ineffective at sentencing for failing to present any mitigation evidence." The court dismissed all other claims.

**¶5**        The court held a hearing at which trial counsel and Vasquez testified. At the end of the hearing the court dismissed the remaining ineffective assistance of counsel claim. The court ruled that although counsel's "failure to provide mitigation . . . did under the circumstances fall below an objectively reasonable standard," given the "significant aggravating factors" involved, Vasquez failed to show that the outcome of the sentencing would have been different and thus his claim failed under the second prong of *Strickland v. Washington*, 466 U.S. 668 (1984).

**¶6**        Vasquez petitioned for review of the court's dismissal and we have jurisdiction under Article 6, Section 9 of the Arizona Constitution, A.R.S. § 13-4239(C), and Arizona Rule of Criminal Procedure ("Rule") 32.16.

## DISCUSSION

**¶7**        Vasquez argues that the superior court erred in (1) dismissing his various claims of ineffective assistance of counsel, (2) "finding that any error in the grand jury presentation was rendered harmless by [his] conviction," and (3) finding that his confrontation clause argument was precluded.

**¶8**        Absent an abuse of discretion or error of law, this Court will not disturb a superior court's ruling on a petition for post-conviction relief. *State v. Gutierrez*, 229 Ariz. 573, 577 ¶ 19 (2012). The petitioner bears the burden to show that the superior court abused its discretion by denying the petition for post-conviction relief. *See State v. Poblete*, 227 Ariz. 537, 538 ¶ 1 (App. 2011). We will affirm the superior court's ruling if "legally correct for any reason." *See State v. Perez*, 141 Ariz. 459, 464 (1984). If the defendant fails to state a colorable claim, "the court must summarily dismiss the petition." Ariz. R. Crim. P. 32.11. A colorable claim is one that, if true, "would probably" have changed the outcome. *State v. Amaral*, 239 Ariz. 217, 220 ¶¶ 10–11 (2016) (cleaned up).

### I.        Ineffective Assistance of Counsel

**¶9**        To state a claim of ineffective assistance of counsel, Vasquez must prove that his counsel's performance was both deficient and prejudicial. *Strickland*, 466 U.S. at 687. "Failure to satisfy either prong of the *Strickland* test is fatal to an ineffective assistance of counsel claim." *State v.*

*Bennett*, 213 Ariz. 562, 567 ¶ 21 (2006). Regarding deficiency, a "strong presumption" exists that "counsel's conduct falls within the wide range of reasonable professional assistance" and thus "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. The defendant must provide evidence that counsel's conduct "fell below an objective standard of reasonableness." *Id.* at 687–88. Simply disagreeing with counsel's strategy is insufficient. *See State v. Pandeli*, 242 Ariz. 175, 181 ¶ 8 (2017). Even if counsel's performance were deficient, Vasquez must also show prejudice. *See Bennett*, 213 Ariz. at 567 ¶ 21. To do so, he must provide evidence showing a reasonable probability that counsel's deficient performance affected the case's outcome. *See State v. Rosario*, 195 Ariz. 264, 268 ¶ 23 (App. 1999). Conclusory allegations and speculation are insufficient to state a colorable claim of prejudice. *See State v. Leyva*, 241 Ariz. 521, 528 ¶ 22 (App. 2017); *State v. Donald*, 198 Ariz. 406, 414 ¶ 21 (App. 2000).

**¶10** Vasquez raises numerous ineffective assistance of counsel claims. First, he argues that his counsel "failed to keep him reasonably informed as to the status of his case." He claims that trial counsel should have advised him to plead guilty directly to the court on the second-degree murder charge during the thirty-six days that elapsed before he was charged with first-degree murder. He also argues counsel should have recognized "the real possibility" that the State would charge him with first-degree murder and "immediately conveyed this" to him. But he does not provide evidence that counsel's behavior was unreasonable, *Strickland*, 466 U.S. at 687–88, and counsel's decision not to recommend a guilty plea to the court on a second-degree murder charge within thirty-six days of indictment was not unreasonable. The court did not err.

**¶11** Vasquez next argues that his trial counsel "advanced a third-party culpability defense against a person" that he failed to contact or investigate. He fails to overcome the presumption that the decision to undertake a third-party defense was not "sound trial strategy," *Pandeli*, 242 Ariz. at 181 ¶ 7, and—as acknowledged in his petition—an investigator testified that he was unable to locate the third party at issue. Expecting that defense counsel could have located the third party where an investigator failed is both unreasonable and speculative. *See Strickland*, 466 U.S. at 690–91 ("[S]trategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation."); *State v. Meeker*, 143 Ariz. 256, 264 (1984) ("Proof of ineffectiveness must be a demonstrable reality rather than a matter of speculation.")(citations omitted).

¶12 Vasquez also argues that his counsel called an expert whose testimony was not only unhelpful, but prejudicial. Counsel called a retired detective whose testimony Vasquez asserts was meant to attack the "investigative shortcomings, especially [the State case agent's] failure to document, take notes, and record witness interviews. To be sure, defense's witness acknowledged that he did not always record witness interviews during his tenure as a detective, that the decision not to record an interview is not "wrong or bad or in violation of policy," and that his name is on the *Brady* list. *See generally Brady v. Maryland*, 373 U.S. 83 (1963). But as the superior court noted, "there were sound reasons" for the decision "to utilize an expert" to "attack the investigation by the case agent." Additionally, attacking the investigation was not counsel's only strategy, as evidenced by his decision to advance a third-party defense. Vasquez fails to show that this strategic choice prejudiced the outcome. *See Donald*, 198 Ariz. at 414 ¶ 21.

¶13 Similarly, Vasquez argues that his counsel recklessly attacked the case agent, "lead[ing] to the admittance of unduly prejudicial, and otherwise inadmissible, evidence." Vasquez claims that, because counsel attacked the investigation in the manner he did, the State was able to respond by introducing prejudicial evidence that otherwise would not have been admissible. Again, the record does not support that counsel's questioning of the case agent was outside the realm of reasonable trial strategy, to which we afford deference. *Pandeli*, 242 Ariz. at 181 ¶¶ 7–8.

¶14 Next, Vasquez argues that his counsel misadvised him about the potential outcome at sentencing if he sought a plea agreement with the State. He claims that counsel advised him that, "any plea offer would likely require . . . at least twenty-two years in prison" whereas conviction at trial of first-degree murder would "most likely" result in "life with parole after having served twenty-five years in prison." He suggests that he would have engaged in settlement negotiations rather than proceed to trial if he was aware that he would not be eligible for parole.

¶15 Assuming Vasquez's representation of his counsel's guidance is true, the evidence still does not suggest any alteration would change the outcome. *See Amaral*, 239 Ariz. at 220 ¶¶ 10–11. Vasquez is correct that Arizona abolished parole beginning in 1994. *See* A.R.S. § 41-1604.09(I)(1). Although defendants are entitled to effective assistance of counsel *during* plea negotiations, *Lafler v. Cooper*, 566 U.S. 156, 162 (2012), Vasquez does not claim the State had offered any plea agreement, nor was he entitled to any such agreement, *State v. Allen*, 253 Ariz. 306, 354 ¶ 172 (2022). Furthermore, Vasquez maintained his innocence throughout trial and sentencing.

Although he could have entered a plea agreement despite this, *see generally North Carolina v. Alford*, 400 U.S. 25 (1970), the only evidence suggesting he may have done so is his affidavit claiming that, had he been better informed of the possible sentence, he "would have insisted that [his] assigned attorney initiate settlement negotiations." Plea negotiations are unpredictable and do not always result in agreement. *See* Ariz. R. Crim. P. 17.4(a)(2) ("If settlement discussions do not result in an agreement . . ."). Vasquez presents no evidence that the State would have offered him a plea or that he would have accepted whatever plea might be offered. *See* Ariz. R. Crim. P. 17.4(b) ("The terms of a plea agreement must be in writing and be signed by the defendant, defense counsel (if any), and the prosecutor."). The avowal that he would have "initiated" negotiations is not sufficient to determine that the outcome "would probably" be different but for counsel's actions. *See Amaral*, 239 Ariz. at 220 ¶ 11. The court did not abuse its discretion.

**¶16**    Vasquez also claims his counsel was ineffective by failing to challenge the introduction of other-acts evidence at trial. He takes issue with evidence that he was arrested on an outstanding warrant out of Mesa, and with the testimony of a witness who repetitively stated that he did not contact police because he was scared. The witness at issue testified that "[s]omebody had broken into our apartment, somebody had broken into [another witness's] apartment, *I don't know who it was.*" (Emphasis added.) Regarding the Mesa warrant, both the prosecutor and a testifying officer briefly noted that Vasquez's arrest resulted from a misdemeanor warrant out of Mesa. Neither comment delved into the details of the warrant, nor did either party linger on the warrant. Given the circumstances, counsel's decision to not object to, and thus potentially highlight, these comments was reasonable. Vasquez fails to show counsel's actions were not reasonable trial strategy. *Pandeli*, 242 Ariz. at 181 ¶ 7.

**¶17**    Vasquez next argues that defense counsel was ineffective by failing to move to sever the misconduct involving weapons charge from the two other charges and stipulating that he was a prohibited possessor. He claims that "[h]ad defense counsel really wanted to minimize the misconduct with weapons charge, he would have motioned to sever it, which would have been granted." True, failure to sever a weapons misconduct offense may be error where it allows the admission of prior felony convictions that otherwise would not be admissible. *See State v. Burns*, 237 Ariz. 1, 14 ¶¶ 34–36 (2015). But here, Vasquez stipulated that he was a prohibited possessor thereby obviating the need for the State to introduce the details of his prior felonies. Thus, he fails to show that any potential error from failing to move to sever the charge prejudiced him. *See*

*id.* at 14 ¶ 34 (stipulation to prohibitor possessor status may prevent the State from introducing evidence of prior convictions); *Rosario*, 195 Ariz. at 268 ¶ 23 (holding that, to state a colorable claim, a defendant must show that counsel's "deficient performance resulted in prejudice"); *see also Donald*, 198 Ariz. at 414 ¶ 21 (speculative and conclusory statements are insufficient to state a colorable claim of prejudice).

¶18 Further, relying on *McCoy v. Louisiana*, 584 U.S. 414 (2018), Vasquez claims counsel's stipulation to his status as a prohibited possessor infringed on his constitutional right to autonomy. The United States Supreme Court held in *McCoy* that "a defendant has the right to insist that counsel refrain from admitting guilt, even when counsel's experienced-based view is that confessing guilt offers the defendant the best chance to avoid the death penalty." 584 U.S. at 417. The defendant in *McCoy* "vociferously insisted that he did not engage in the charged acts and adamantly objected to any admission of guilt." *Id.* Over these strenuous objections from the defendant, counsel told the jury that he committed three murders in an effort to avoid the death penalty. *Id. McCoy* is distinguishable from this case, where the court accepted Vasquez's stipulation on the record in his presence and he voiced no objection. Also, the stipulation here was only to one element of the crime, rather than an admission of guilt to the offense altogether. *McCoy* is thus inapposite, and Vasquez fails to show counsel's actions were not reasonable trial strategy. *See Pandeli*, 242 Ariz. at 181 ¶ 8 ("Simply disagreeing with strategy decisions cannot support a determination that representation was inadequate.").

¶19 Regarding the claim that counsel provided ineffective assistance at sentencing, Vasquez argues that the superior court "erred by applying the *Strickland*, rather than the *Cronic*" standard. He claims that, under *United States v. Cronic*, 466 U.S. 648 (1984), "prejudice need not be proven" regarding his counsel's failure to present mitigating evidence at sentencing. We disagree. Although *Cronic* holds that certain factual circumstances are so likely to prejudice a defendant that he need not independently show prejudice, the Supreme Court ultimately held that prejudice will not be presumed even where a "young lawyer with a real estate practice" was assigned to represent a criminal defendant with "only 25 days for pretrial preparation." 466 U.S. at 649, 658, 666–67. As *Cronic* demonstrates, the circumstances necessary for a defendant to forgo a showing of prejudice are rare. *See id.* at 659–61 (finding that the court may presume prejudice where a defendant is wholly denied counsel but not where, for example, "counsel was appointed in a capital case only three days before trial"). The circumstances of Vasquez's sentencing are not such that we presume prejudice, and the superior court did not err in applying

*Strickland*. Nor did the court err in finding Vasquez failed to show a reasonable probability that counsel's actions resulted in prejudice. *See Rosario*, 195 Ariz. at 268 ¶ 23.

**¶20**        Finally, Vasquez also argues that appellate counsel was ineffective for failing to argue that (1) the misconduct involving weapons charge should have been severed, (2) "inadmissible and prejudicial evidence" including the aforementioned other-acts evidence was admitted at trial, and (3) the prosecution's closing argument violated the confrontation clause. As the superior court noted, appellate counsel could not argue that trial counsel was ineffective on these grounds. *See State v. Spreitz*, 202 Ariz. 1, 3 ¶ 9 (2002) (holding that ineffective assistance of counsel claims will not be addressed by appellate courts in a direct appeal). And Vasquez fails to show that appellate counsel's decision to raise certain evidentiary arguments over these arguments was not sound strategy. *See Pandeli*, 242 Ariz. at 181 ¶¶ 7–8. The superior court did not err in dismissing Vasquez's ineffective assistance of counsel claims. *See* Ariz. R. Crim. P. 32.11.

## II.        Grand Jury Proceedings

**¶21**        The superior court did not err in finding that "any error based on [counsel's] alleged failure to challenge the grand jury proceedings was rendered harmless by [Vasquez's] conviction at trial." Although Vasquez argues to this Court why his indictment was flawed, he fails to explain why any potential error in the grand-jury proceedings is not moot following his conviction at trial. "[O]nce a jury determines guilt beyond a reasonable doubt in a full-scale trial, the question of probable cause is moot." *Brailsford v. Foster*, 242 Ariz. 77, 81 ¶ 11 (App. 2017) (citing *State v. Neese*, 126 Ariz. 499, 502 (App. 1980)). The court did not abuse its discretion. *See Gutierrez*, 229 Ariz. at 577 ¶ 19.

## III.        Confrontation Clause

**¶22**        The superior court did not err in finding Vasquez's confrontation clause argument precluded. *See* Ariz. R. Crim. P. 32.2(a)(3). Although certain constitutional claims "that can only be waived knowingly, voluntarily, and personally by the defendant" are not subject to preclusion under Rule 32.2(a)(3), a confrontation claim may be waived by counsel. *See Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 313–14 n.3 (2009) ("The right to confrontation may, of course, be waived, including by failure to object to the offending evidence."). Thus, no personal waiver was required and Vasquez's confrontation claim is precluded under Rule 32.2(a)(3). And

Vasquez's confrontation clause argument was "finally adjudicated on the merits" in his direct appeal precluding it under Rule 32.2(a)(2). *See Vasquez*, 1 CA-CR 14-0388, at *2 ¶¶ 8–10; *Perez*, 141 Ariz. at 464 ("We are obliged to affirm the trial court's ruling if the result was legally correct for any reason.").

**¶23**  Preclusion aside, Vasquez claims that this issue should be analyzed under the framework of ineffective assistance of counsel, arguing that "appellate counsel rendered ineffective assistance by passing on this issue in lieu of weaker issues." But appellate counsel's decision to focus on potential evidentiary issues at trial does not fall below the objective standard of reasonableness. *Strickland*, 466 U.S. at 687–88; *see also Pandeli*, 242 Ariz. at 181 ¶ 8 ("Simply disagreeing with strategy decisions cannot support a determination that representation was inadequate."). The court did not err in dismissing Vasquez's claim.

## CONCLUSION

**¶24**  For these reasons, we accept review but deny relief.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:   JR